## DAVIS v. HARRIS.

No. 25660. March 9, 1937.

Rehearing Denied Sept. 14, 1937.

Twyford & Smith and Willian J. Crowe, for plaintiff in error.

I. L. Harris and Ted R. Elliott, for defendant in error Mamie Phelan.

GIBSON, J. This appeal involves the question of the validity of a resale tax deed covering certain lots in Walnut Grove addition to Oklahoma City and issued by the county treasurer of Oklahoma county in 1924.

Plaintiff, as the record owner of said lots, commenced his action in district court to quiet title, and defendant pleaded the aforesaid deed. Defendant's demurrer to plaintiff's evidence was sustained and judgment entered accordingly, from which judgment the plaintiff has appealed.

Plaintiff tendered to defendant all taxes, penalties, interest, costs, and expenses then due under the tax deed set up in the answer.

It is not made clear whether the resale deed was executed upon a form prepared by the State Examiner and Inspector as provided by section 12756, O. S. 1931. Neither does it appear whether the form used was substantially the same as that compiled by the Examiner and Inspector. In any event, the deed has omitted a necessary recital which renders the same void whether the form used was that prescribed by the State Examiner and Inspector or not.

The deed was silent as to whether the property sold at resale for a sum equal to or greater than the amount of taxes, penalties, interest, and costs due thereon; the deed was also silent as to whether the property sold consisted of vacant lots in a city or town. Under the provisions of section 12755, O. S. 1931, the property sold at resale must bring the full amount of taxes, penalties, interest, and costs due thereon, unless such property be vacant city or town lots. We have heretofore held that a resale tax deed must be explicit concerning such circumstance. In Mahoney v. Estep,

171 Okla. 101, 38 P. (2d) 537, the rule is expressed as follows:

"A resale tax deed must conform to the form prepared for resale tax deeds by the State Examiner and Inspector and recite that the property was sold for an amount equal to or greater than the amount of taxes, penalties, interest, and costs due on said tract of land, or, in lieu thereof, state that the property conveyed thereby consisted of vacant lots located in a city or town."

That ruling is adhered to in Mahoney v. Weitelmann, 174 Okla. 591, 50 P. (2d) 1094, and Price v. Mahoney, 175 Okla. 355, 53 P. (2d) 257.

In the latter case we held that "a resale tax deed which does not recite that the property was sold for an amount equal to or greater than the amount of taxes, penalties, interest, and costs due on said land, or, in lieu thereof, state that the property conveyed thereby consisted of vacant lots located in the city or town, is void on its face."

The trial court erred in sustaining defendant's demurrer to plaintiff's evidence, since the tax deed as introduced was void on its face.

The trial court should have overruled defendant's demurrer to plaintiff's evidence and should have proceeded to hear the evidence offered in defense, and to render proper judgment thereon.

The judgment of the trial court is therefore reversed, and the cause remanded, with directions for retrial in accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.