DAVIS et al. v. PHELAN.

No. 29978.  July 1, 1941.

Rehearing Denied Dec. 23, 1941.

*119 P. 2d 1015.*

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiff in error J. C. Davis.

Don Welch, of Madill, for plaintiff in error Alec Chastain.

I. L. Harris and Ted R. Elliott, both of Oklahoma City, for defendant in error.

GIBSON, J. This action was instituted in district court by J. C. Davis against Mamie Phelan and others to quiet title to certain town lots in Walnut Grove addition to Oklahoma City. Judgment was for the defendant Phelan, and plaintiff appeals.

Both parties above named claim title to the premises by virtue of separate deeds executed by Alec Chastain, the record owner. Plaintiff's deed was dated January 22, 1930, and recorded on the 29th day of that month. He alleges that

he has been in actual and exclusive possession since the date of his deed.

Defendant claims title under a deed from said Chastain bearing date of March 25, 1931. She originally claimed title under a tax deed executed in 1924 which has since been held void by this court (Davis v. Harris, 180 Okla. 626, 71 P. 2d 616). Defendant alleges that she took possession of the premises under the tax deed and was in actual and adverse possession thereof and receiving the rents and profits therefrom at the time plaintiff procured his deed as aforesaid, and that said deed was champertous and void as against defendant in that plaintiff's grantor, or those under whom he claimed, had not been in possession and had not received rents and profits from the premises at any time during the year next preceding said conveyance.

In reply, plaintiff alleged that defendant's deed was also champertous, and was also void for certain other reasons.

Plaintiff says first that the trial court erred in holding that his deed from Chastain was champertous.

If plaintiff's deed was not void under the champerty statute, section 1939, O. S. 1931, 21 Okla. Stat. Ann. § 548, then his title was superior to that of the defendant acquired by the subsequent deed from the same grantor.

In such case the burden is on the party seeking to avoid the deed to prove that he was in actual possession of the land adversely to the grantor in said deed or those under whom he claims. McGrath v. Eichoff, 187 Okla. 64, 100 P. 2d 880.

The uncontradicted evidence concerning the nature and extent of defendant's possession so far as material here is that she leased the lots to certain parties for gardening or small grain cultivation during the years 1925 to 1929, inclusive. In 1930 a renter planted oats on the lots. There was no fence.

This evidence was insufficient to sustain the finding that defendant's possession was of the character that will render champertous a deed executed by one not in possession or who has not received rents and profits from the land as provided in the statute.

The rule as to burden of proof mentioned above is stated in McGrath v. Eichoff, supra, as follows:

"The burden is upon those seeking to avoid a deed to land on the ground that it was executed in violation of section 1939, O. S. 1931 (21 Okla. St. Ann. § 548), to prove that they were in actual possession of said land adversely to the grantor of said deed or those under whom he claims."

The law with reference to the necessary elements constituting adverse possession in champerty cases is there fully discussed. In the body of the opinion we find the following statement by the court:

"It is well settled that the evidence to establish adverse possession must be clear and positive. Farmers' National Bank of Oklahoma City v. Gillis, 155 Okla. 290, 9 P. 2d 47; Coats v. Riley, 154 Okla. 291, 7 P. 2d 644. It is equally well established that the possession must be 'actual,' but there is some variety of opinion as to what acts of dominion are sufficient to constitute 'actual possession' of vacant lands under the champerty statutes of the various states."

The law, said the court, does not attempt to list all acts of dominion which may constitute such possession; it depends upon the circumstances of each particular case, as measured by the judgment of reasonable men. And the court applied the general rule that the requisite possession must be contemporaneous with the execution and delivery of the alleged champertous deed. 14 C.J.S. 374.

The gardening of a vacant town lot or planting the same to small grain over a period of seasons by the lessee of one claiming adversely to the record owner thereof is not sufficient to constitute actual possession under the champerty

statute where there was no visible evidence of present cultivation at the time of the execution and delivery of the alleged champertous deed.

In the McGrath Case, above, it was said that the trial court had regarded the cultivation of a garden on a vacant lot as insufficient to put a prospective purchaser on notice that the parties who authorized the cultivation and who held color of title to the premises were in adverse possession thereof at the time of the execution of the alleged champertous deed, and this court affirmed the judgment, holding that the same was not against the clear weight of the evidence.

Although the trial court in the instant case held the facts sufficient to constitute adverse possession, the evidence was wholly insufficient.

Our decision in the McGrath Case is fully controlling here. Though there may have been no consideration paid for the lease or privilege of gardening the lot, the parties cultivating the same were there as lessees or licensees of the parties charging champerty. As we view the case, consideration has no particular bearing on the question of champerty, if the lease or license is valid.

Possession is the fundamental question in cases of this character, not color or claim of title. While color of title may be an element for the court's consideration (McGrath Case, supra), and the payment of taxes, as was done here, an element of adverse claim, such facts, coupled with a permit or license for garden cultivation, are not sufficient to establish adverse possession.

Defendant relies on Setterstrom v. Phelan, 182 Okla. 453, 78 P. 2d 415. There the adverse claimant under a tax deed issued in 1924 on unimproved town lots paid all the taxes thereon for subsequent years. He leased the premises to various parties for each year from 1925 to 1936. Of the various lessees some put in crops, some had cows and hogs on the lots, and some had gardens, and the lessees paid a consideration for their leases. The alleged champertous deed was executed and delivered April 19, 1933.

Of course, what took place subsequent to April 19, 1933, was of no importance in determining the question of adverse possession, but the trial court held the deed champertous and this court affirmed the judgment.

However, the evidence in that case indicates strongly that the lots were being cultivated on April 19, 1933, while here the evidence indicates beyond doubt that the lots were not actually in cultivation on January 22, 1930.

It is not our intention here to hold that the cultivation of a garden on vacant town lots is in every case sufficient to constitute actual possession of the premises within the meaning of the statute and as defined in the rule applied in champerty cases. While one who purchases land from the record owner must take notice at his peril of all adverse claims of which he has knowledge, he need not, in order to save his deed from champerty, look beyond the actual possession of the premises at the time he receives his conveyance. A claim of possession, no matter how loud and long it may be and continue, or whose ears it may reach, will not amount to possession, but it may warn a purchaser of some color of title or actual interest that would prove superior to or a burden upon the title he expected to receive.

Defendant also cites Davis v. Manhard, 172 Okla. 85, 45 P. 2d 1095. But in that case the adverse claimant's tenant was in actual physical possession of the premises.

The judgment is reversed and the cause remanded, with directions to enter judgment for plaintiff.

CORN, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.