## GUESS v. THORMAN.

No. 32295. Oct. 8, 1946.

*173 P. 2d 441.*

George C. Beidleman and Robert R. Beidleman, both of Okmulgee, for plaintiff in error.

Steele & Boatman, of Okmulgee, for defendant in error.

OSBORN, J. This is an action in ejectment, brought by the plaintiff, Ben Thorman, the holder of a resale tax deed, against the defendant, Bertha Guess, the former owner of the property. The case was tried to the court without a jury, and at the conclusion of the evidence the trial court required the defendant to tender and pay into court the delinquent taxes. Defendant refused, and the trial court rendered judgment for plaintiff. Defendant appeals.

The property was the homestead of defendant, and she claimed her homestead exemption for the years 1939 and 1940. She contends that in this situation, because of the provisions of art. 29, ch. 66, S. L. 1939, p. 541, there could be no valid resale of the property before 1945; that therefore the 1944 resale, at which plaintiff acquired his title, was illegal, and the deed issued to plaintiff void, and that under such circumstances she was not required to tender the taxes.

Art. 29, ch. 66, supra, waived penalties, interest and costs on delinquent taxes on homesteads where the homestead exemption had been claimed for 1939 or 1940, and extended the time for the payment of delinquent taxes, making taxes for 1938 again delinquent on July 1, 1940; taxes for 1937 again delinquent on July 1, 1941; taxes for 1936 again delinquent July 1, 1942; taxes for 1935 again delinquent July 1, 1943; and taxes for 1934 and prior years again delinquent July 1, 1944. From the evidence it appears that at the 1944 resale

defendant's land was sold for taxes for the years 1929 to 1943 inclusive, and that although she purchased the property in 1934 she had never paid any taxes thereon.

We have repeatedly held that 68 O. S. 1941 §§453 and 455 requires anyone seeking to attack or avoid a tax deed, or a claimed title asserted under a tax deed, to tender into court all taxes, penalties, interest and costs which the party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale, and that on failure to do so his action or defense should be dismissed, and that such rule applies whether the tax deed involved is voidable or void. Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415; Hill v. Henry, 190 Okla. 413, 124 P. 2d 405; Kinseley v. Board of Trustees, 192 Okla. 225, 134 P. 2d 971; Crewson v. Spencer, 192 Okla. 582, 141 P. 2d 274.

In Hill v. Henry, supra, we said that such tender would be dispensed with only upon a showing that no taxes were due by reason of the fact that the land was exempt from taxation, had not been legally assessed, or the taxes had been paid.

At the time this action was filed August 18, 1944, the time within which the taxes could be paid, as extended by art. 29, ch. 66, supra, had expired, and all taxes were due and delinquent if the 1944 resale was invalid. Therefore the trial court did not err in requiring defendant to make her tender before it passed upon the validity of the resale deed, and in rendering judgment for the plaintiff upon her refusal to comply with such requirement.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS and DAVISON, JJ., concur.