## UNION MORTGAGE CO. v. TAYLOR et al.

No. 32599.   March 4, 1947.

177 P. 2d 1014.

J. E. Whitehead, of Fort Smith, Ark., and W. S. Agent, of Sallisaw, for plaintiff in error.

W. B. Wall and J. Fred Green, both of Sallisaw, for defendants in error.

WELCH, J.   This is an action for possession and to quiet title to real estate brought by W. T. Taylor, the holder of a resale tax deed to the land involved, against Union Mortgage Company, the former owners of the property, and Gayther Cowett and O. L. Hefton. The defendant company and Hefton each entered general appearances and filed separate answers to plaintiff's petition containing attacks upon the resale tax deed. Cowett makes default. From judgment in favor of plaintiff, defendants appeal.

At the beginning of the trial of the issues the plaintiff called the attention of the trial court to the fact that defendants had made no tender of taxes. At that time defendant suggested that the tax deed in the hands of plaintiff did not describe the land mentioned in plaintiff's petition. Testimony was given that the land involved was in fact sold at resale to plaintiff and that in the execution of resale deed error was made in that the township and range numbers were transposed.   The trial court recessed the hearing to permit plaintiff to obtain a corrected deed from the county treasurer and the corrected deed was then introduced in evidence over the objection of defendants.

Defendants contend that the court erred and abused its discretion in suspending the trial until plaintiff could prepare and cause the treasurer to execute the corrected deed.

Defendants did not seek continuance upon offer of the corrected deed in evidence nor indicate any change or prejudice to their defense to plaintiff's cause of action because of the correcting deed. No new issue was presented by the introduction of the corrected deed. As stated in Taylor v. Trow et al., 191 Okla. 485, 131 P. 2d 79:

"A purchaser at a tax resale who has received a defective deed is entitled to a new correcting deed, and when a correcting deed is issued it relates back to the time of sale and becomes effective from that date."

Defendants attacked plaintiff's claim of title under the tax deed on grounds that the treasurer was without authority to sell the land at resale; that the resale notice listed delinquent taxes for the years 1929 to 1943, inclusive, and that none of said taxes had ever been advertised in an annual delinquent tax sale except the taxes for the year 1940, and that said taxes for the year 1940 were thereafter paid; that the 1944 resale notice listed taxes not due and listed a greater amount of taxes than was due and delinquent.

At the conclusion of the evidence the defendant company made a tender of the sum of $273.32, an amount equal to two-thirds of the assessed valuation

of the property, and being the amount of the purchase price plaintiff paid at resale. The court held the tender insufficient, and no further tender was made.

It was shown by the evidence that no taxes were paid on the land from 1929 to the date of resale in 1944 except an amount equal to the taxes for the year 1940 and that the amount of unpaid taxes at the date of sale was in excess of $700. There was no contention that the land was exempt from taxation nor that there had not been a valid assessment.

It has repeatedly been held by this court that under such circumstances as herein the one seeking to attack or avoid a tax deed or a claimed title asserted under a tax deed must comply with the statutes relating to tender (68 O. S. 1941 §§ 453 and 455) and that the amount of the tender required is the amount of all taxes, penalties, interest and costs, which a party seeking to redeem would be bound to pay if he was then redeeming the land from tax sale.

In the absence of a proper tender, the defendants were not entitled to present and have determination of their attack on plaintiff's resale deed or his claim of title asserted under the deed.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.