HIGHFILL v. FRIEDMAN.

No. 33196. Oct. 12, 1948.

Rehearing Denied Nov. 9, 1948.

*199 P. 2d 200.*

Frank T. McCoy, John T. Craig, and John R. Pearson, all of Pawhuska, for plaintiff in error.

C. R. Thurlwell, of Tulsa, for defendant in error.

LUTTRELL, J. Plaintiff Friedman, holder of a resale tax deed covering lots in the city of Pawhuska, filed this action against defendant Highfill and others, to quiet his title and for possession of the property. Defendant Highfill, purchaser of the property from the former owner, by answer alleged that the tax deed was void; that the resale was advertised for an amount of taxes in excess of the amount due, and that no legal notice was given thereof. At the trial the trial court required Highfill, as the owner of the property, to tender and pay into court all taxes, penalties, interest and costs necessary to redeem the land from the tax sale, as required by 68 O. S. 1941 §453. Highfill refused to make such tender, but tendered into court the amount paid by plaintiff for his tax deed. Thereupon the trial court struck all pleadings filed by defendant, heard evidence offered by plaintiff, and rendered judgment in favor of plaintiff. Defendant Highfill alone appeals.

The sole question presented is whether the trial court erred in requiring Highfill to tender all taxes, penalties and interest necessary to redeem the land from tax sale, and in refusing to hold his tender of the amount paid by plaintiff for the resale deed sufficient. Defendant urges that 68 O.S. 1941 §432l, subd. 3, providing for the reimbursement of a purchaser at resale where the resale has been held invalid, or no tax was due against the property, conflicts with 68 O.S. 1941 §453, and eliminates the necessity of tender. Examination of this statute, however, convinces us that it is in no wise in conflict with section 453. It simply provides for reimbursement of the purchaser where, for the reasons therein stated, the resale deed vested no title to the property in him, and does not purport to amend or repeal section 453, or in any wise modify the requirements of that section as to tender.

Defendant contends that the publication, sale, and deed were void for the reasons set out in his answer as above stated, and that the court, by its judgment, cannot validate a deed void for jurisdictional defects. But we have many times held that such defenses may not be urged except upon a tender as required by section 453. The cases cited by defendant, Egan v. Henshaw, 197 Okla. 83, 169 P. 2d 298, and Evans v. Neal, 198 Okla. 515, 180 P. 2d 661, deal with void assessments. Obviously, where the assessment was invalid no valid tax was levied upon the property, and tender would not be required.

We have repeatedly held that any person seeking to attack or avoid a tax deed or a title asserted under a tax deed was required to comply with the provisions of section 453, and that on failure to do so his action or defense should be dismissed. Guess v. Thorman, 197 Okla. 571, 173 P. 2d 441; Union Mtg. Co. v. Taylor, 198 Okla. 290, 177 P. 2d 1014. In the last-cited case the defendant tendered the purchase price paid by plaintiff at resale, and we held that such tender was not a compliance with that section.

In McGrath v. Rauch, 198 Okla. 201, 176 P. 2d 824, we said that the tender

664

required by 68 O. S. 1941 §§453 and 455, was required whether the tax deed was valid, voidable or void, where the land had been assessed and was liable for taxation. And in Hart v. Thomason, 194 Okla. 675, 153 P. 2d 1003, we approved the dismissal of an action brought by the former owner for failure to make the tender required by those sections, although in that case the plaintiff alleged that the tax deed was void for seven different reasons. It follows that the trial court did not err in striking the pleadings filed by defendant, and in refusing to permit him to defend the action without making the required tender.

Defendant also contends that the tax deed is void on its face for the reason that it does not show that the property was sold for an amount equal to all taxes or two-thirds of the assessed value for the current year, citing Davis v. Harris, 180 Okla. 626, 71 P. 2d 616, and McGrath v. Eichhoff, 187 Okla. 64, 100 P. 2d 880. Examination of those cases discloses that they involve tax deeds issued prior to the enactment of 68 O.S. 1941 §432g, which prescribes a form of resale deed. The resale deed involved in the instant case appears in the record, and is in the form prescribed by that section. In G. A. Nichols v. Simpson, 194 Okla. 81, 147 P. 2d 437, we expressly stated that a resale deed which in form complied with 68 O. S. 1941 §432g, was not void on its face, and that it was unnecessary that such deed contain the recitals contended for by defendant as above set forth.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.

Rehearing Denied Nov. 16, 1948.