## PARKS v. STITH.

No. 34031.   May 15, 1951.
Rehearing Denied June 19, 1951.

*232 P. 2d 614.*

Fred W. Martin, Wagoner, for plaintiff in error.

E. J. Broaddus, Wagoner, for defendant in error.

LUTTRELL, V.C.J. This action was brought by J. O. Stith, plaintiff, against Oscar Lonnie Parks, and others, to quiet plaintiff's title to certain lands in Wagoner county, purchased by him at tax sale, and upon which he held two certificate tax deeds. A part of the lands were sold for the 1921 taxes, and the certificate issued in 1922. The remainder was sold for the 1922 taxes, and certificate issued in 1923. Both tax

deeds were issued in 1930, and plaintiff occupied the land and paid all taxes thereon after the issuance of his tax deeds. Prior to the issuance of the tax deeds he paid the tax assessed against the land from and after the date of his certificates, and the taxes so paid were endorsed upon his certificates.

In his answer and cross-petition defendant, Parks, denied the validity of the tax deeds, and asked that his title be quieted. In his pleadings he tendered the full amount of taxes, penalties and interest which he would be required to pay if he were redeeming said property from the tax sales.

The sole question presented is whether the trial court correctly determined the amount which defendant must pay into court in order to have the deeds set aside. The trial court found that one tax certificate was invalid because the land description in the notice of sale was defective, and that therefore the tax deed conveying that tract was void, and that the other deed was voidable. In arriving at the amount of the tender it followed Wilcox v. Westerheide, 199 Okla. 312, 185 P. 2d 452, 173 A.L.R. 1171, assessing a penalty of 18 per cent on taxes prior to 1929, and 8 per cent thereafter as to the two tracts on which it found the deeds were voidable. As to the third tract it held that plaintiff was entitled to recover the money paid for his certificate plus 6 per cent interest thereon from the date of purchase. As to all the tracts it required plaintiff to account to the defendant for the rents received, and found that after such accounting the amount due from defendant to plaintiff upon all tracts was $4,065.63, with interest at 6 per cent from the date of judgment. It required defendant to make good his tender in the amount above stated within 30 days after the judgment became final, and decreed that if the tender was not made good title should be quieted in plaintiff. Defendant, Parks, appeals.

Defendant contends that as to the tract upon which the trial court held the deed void because the land was improperly described in the tax sale notice, plaintiff had no right against, or interest in, the land in any event, but had only a remedy against the county for the return of his money under the provisions of 68 O.S. 1941 §390. That section provides that where tax certificates, or tax deeds, have been issued on lands or lots where no tax was due, or where the sale was illegal, the county should save the purchaser harmless by refunding and paying the original purchase money paid, together with subsequent payments, with interest from date of payment at 6 per cent per annum. Plaintiff in support of his contention that this statute provides the sole remedy in such case cites Board of Commissioners of Blaine County v. Foster, 173 Okla. 583, 49 P. 2d 692; Savery v. Board of Commissioners of Beaver County, 173 Okla. 284, 48 P. 2d 275, and other cases. In these cases the action was brought by the holder of the void tax certificate against the county prior to the issuance of a tax deed and we held that the purchaser was entitled to recover under the provisions of the above section. In Savery v. Board of Commissioners of Beaver County, supra, we said that the purchaser in such case had no legal right in or against the land, but only a remedy against the county for the return of his money. But, as pointed out above, no tax deed had issued. In Highfill v. Friedman, 200 Okla. 662, 199 P. 2d 200, we held that 68 O.S. 1941 §432 (1), subd. 3, providing for reimbursement by the county of a purchaser at resale where the resale was held invalid, or no tax was due against the county, was not in conflict with 68 O.S. 1941 §453, the tender statute, and did not eliminate the necessity of a tender where the former owner sought to litigate the validity of the deed.

We think a similar rule applies to the instant case and that where a tax

deed is issued, and the former owner seeks to litigate the validity thereof, he must make his tender as required by section 453, whether the deed is void or voidable. Guess v. Thorman, 197 Okla. 571, 173 P. 2d 441. We therefore hold that the invalidity of the certificate upon which plaintiff's tax deed was based did not dispense with the tender required by section 453.

68 O.S. 1941 §433 (a) provides that the owner of real estate sold for taxes may redeem the same at any time before the execution of the tax deed by paying to the county treasurer, if the tax sale certificate is held by an individual purchaser, the sum paid to the county for such certificate, with interest at the rate of 8 per cent from the date of purchase, and all taxes paid and endorsed thereon, with interest at 8 per cent on taxes endorsed on the certificate from the date of each endorsement, and that the treasurer shall hold the money paid to the order of the certificate owner. This section contemplates the reimbursement of the tax purchaser for the taxes, interest, penalty and costs paid by the latter, which we held in Parks v. Lyons, 183 Okla. 529, 83 P. 2d 573, was the accepted rule in this state. It therefore appears that if the trial court erred in computing the amount due on the tract upon which the void certificate issued, it erred in favor of defendant, since the trial court required the payment of only 6 per cent, although section 433 (a) requires the payment of 8 per cent.

Defendant further contends that under the provisions of article 2, c. 66 of the Special Session of 1936-1937, S. L. 1936-1937, p. 56, all penalties, interest, and costs levied and assessed against property for 1935 and all prior years were released, and that under this provision the penalties assessed by the trial court prior to July 1, 1937, were remitted and were improperly charged against him by the trial court. He also contends that the trial court failed to take into consideration the Soldiers and Sailors Civil Relief Act of 1940, which provides that any tax or assessment against a serviceman should bear interest only at the rate of 6 per cent per annum. The trial court held that these provisions were not applicable to the instant case, and that a penalty of 18 per cent on each certificate issued and all taxes paid up to and including the year 1928 should be assessed against defendant, and that 8 per cent penalty should be assessed against him on delinquent taxes for 1929, and subsequent years. The 8 per cent penalty for 1929, and years thereafter, is provided in S. L. 1929, c. 53, §2, p. 72.

Examination of the waiver of penalty statutes convinces us that it was not the intention of the Legislature to waive penalties in cases where tax deeds valid on their faces had theretofore issued. All these statutes were enacted to relieve the burden of taxation, and for the purpose of encouraging taxpayers to pay their delinquent taxes prior to the sale of their lands by the county, in order to aid the collection of taxes and reduce the amount of land which would otherwise be sold and bought in by the various counties. Thus, in the 1936-1937 Act, supra, it is provided that the provisions of the Act shall not relate to penalties, interest, and costs included in, or covered by, outstanding valid tax sale certificates held by individuals, or to affect the validity or lien of tax sale certificates held by the county as to the principal taxes evidenced thereby. A somewhat similar provision is contained in the 1929 Act, supra.

These acts, when carefully studied, in our judgment, reveal that the Legislature did not intend to remit all penalties theretofore accrued in cases where the land had been sold to individuals and tax deeds issued therefor, and that in such cases the statutory penalties remained in full force and effect. Plaintiff filed a cross-petition on appeal contending, among other things, that the reduction of penalties in the instant case pursuant to the reduction

provided in the 1929 Act would impair the obligation of contracts in violation of both the State and Federal Constitutions, but this cross-petition was thereafter stricken, so that it is unnecessary to determine this question.

In Wilcox v. Westerheide, supra, the parties agreed that the delinquent taxes for the years 1927 and 1928 bore interest at the rate of 18 per cent per annum, and that thereafter the delinquent taxes bore interest at the rate of 8 per cent per annum, this reduction being in view of the 1929 law above referred to, and this court approved that computation. In the instant case defendant does not contend that the court's computation is incorrect if the waiver of penalty acts do not apply.

Defendant contends that the trial court should have applied the provisions of the Soldiers and Sailors Relief Act, 50 U.S.C.A. Appx., §501 et seq., but we do not agree. That act, like the waiver of penalty acts, which we have heretofore discussed, was not intended to apply to situations like the one presented in the instant case.

Defendant also contends that because of the fact that plaintiff was in possession of the property, claiming to be the owner, the court should have applied the provisions of the Occupying Claimant's Act, 12 O.S. 1941 §1481, in determining the amount required of defendant to redeem the property from the tax sales. As we view the case, the Occupying Claimant's Act is not involved. This for the reason that the statute dealing with the collection of delinquent taxes and redemption from tax sales is a special statute covering fully that particular matter, and therefore prevails over a general statute which does not refer to the particular subject matter covered by the special act. Commerce Trust Co., Kansas City, Mo., v. Morris, 157 Okla. 127, 11 P. 2d 183. In that case we said:

"A statute which is enacted for the primary purpose of dealing with a particular subject, and which prescribes the terms and conditions of that particular subject-matter, prevails over a general statute which does not refer to the particular subject-matter, but does contain language which might be broad enough to cover the subject-matter if the special statute was not in existence."

The record discloses that the property involved was apparently a part of the estate of O. F. Parks, which estate was apparently of considerable size, and while it does not disclose the date of O. F. Parks' death, it does show that no taxes were paid upon the property involved by either the defendant or the trustee or executor of the estate after the year 1922, and up to the time of the filing of this action on December 11, 1947. The record does reflect a tender of delinquent taxes by defendant on February 21, 1949, in which defendant sought to take advantage of the provisions of 68 S. L. 1949, c. 11, p. 450, which waived and canceled delinquent ad valorem taxes for 1945 and prior years, if the taxes were paid on or before March 19, 1949. The county treasurer refused to accept the payment of taxes without penalties, according to the statement made in defendant's brief, because of the pendency of this action, and for the reasons heretofore stated in regard to the waiver of penalty statutes, we think the action of the county treasurer was proper. An additional reason for so holding is that the judgment in the instant case had been rendered prior to the date such tender was made.

The facts in the instant case, as outlined above, do not entitle the defendant to the relief provided under the various acts relied upon by him, which were not intended to apply to such situations. To permit their application in this case would be contrary to instead of consistent with the spirit and reasons which actuated their enact-

ment. The trial court did not err in refusing to apply them.

Affirmed.

ARNOLD, C.J., and GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.