Henry M. BEIDLEMAN et al.,
Appellants,

v.

James M. BELFORD and Belford
Bros., Inc., Appellees.

No. 45987.

Supreme Court of Oklahoma.

June 11, 1974.

As Corrected July 1, 1974.

Henry M. Beidleman, Okmulgee, for appellants.

James S. Steph, Okmulgee, for appellees.

SIMMS, Justice.

This appeal is from an order holding a 1958 judgment dormant and dismissing the garnishment based on that judgment.

The Court of Appeals reversed with directions to proceed with the garnishment hearing and enter judgment. Decision of Court of Appeals vacated and trial court affirmed.

On December 31, 1958, George C. Beidleman, plaintiff, obtained a deficiency judgment against James M. Belford, defendant.

On August 21, 1962, plaintiff died.

On July 9, 1963, on application of the executors of plaintiff's estate, an order of revivor was entered by the District Court.

On November 12, 1965, the estate was distributed, set over and assigned to Henry M. Beidleman, Robert Rainey Beidleman and Doris Beidleman Miller, and the executors were discharged.

On July 2, 1968, execution was filed which was returned showing no property found.

On December 16, 1971, an Affidavit for Garnishment was filed by Henry M. Beidleman, as attorney for Robert Rainey Beidleman, Doris B. Miller and Henry M. Beidleman, against the Belford Bros., Inc.

After answers were filed, and upon hearing, the trial court dismissed the garnishment, holding the judgment was dormant since it had not been revived in the names of the Distributees within one year after the decree of distribution.

The issue is whether the July 9, 1963 revivor in the names of the executors operated to revive the judgment, making it effective until July 9, 1968; and, if so, whether it was further necessary for the distributees to be substituted under 12 O.S.1971, § 1081(b).

The July 9, 1963 order operated to revive the judgment for another five years, or until July 9, 1968. 12 O.S.1961, § 1072; Jersak v. Risen, Ex'x., 194 Okl. 423, 152 P.2d 374 (1944).

■ Since the Oklahoma Abatement and Revivor Statutes, 12 O.S.1961, §§ 1063–1075, and §§ 1077, 1078, were repealed effective October 21, 1965, the November 12, 1965 Decree of Distribution did not require a subsequent revivor in the names of the Distributees. The following law became effective on October 21, 1965:

"If a plaintiff dies after verdict or after judgment and the verdict and judgment are in his favor, his representative or successor may be substituted for him upon motion of any party to the action with notice to the representative or successor, or substitution may be made upon motion of the representative or successor of the decedent. Such motion may be

made at any time before the judgment becomes dormant but it must be made before action is taken to enforce the judgment." 12 O.S.1971, § 1081(b).

The statute clearly requires plaintiff's representative to be substituted and issue execution within five years from the date of last execution.

 Plaintiffs contend that, even though they failed to meet the requirements of § 1081(b), supra, by being substituted before the judgment became dormant in 1968, they could nevertheless proceed under 12 O.S.1971, § 235, which is as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interests therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representative or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

This Court rejected the argument made by plaintiff in Baker v. Deichman, 185 Okl. 452, 94 P.2d 246 (1939); Chouteau v. Hoss, 118 Okl. 76, 246 P. 844 (1926); Fabian v. Griesel, 181 Okl. 137, 73 P.2d 180; Edwards v. Asher, 95 Okl. 39, 217 P. 869 (1923). In each of those cases this Court compared 12 O.S.1961, § 1072 (now repealed) which required revivor within one year after the death of a party, with 12 O.S. § 235. The Court pointed out in each case that while the Court may allow the action to continue upon such terms and in such manner as may be just under the circumstances presented, it is also imperative that revivor be had within the time provided, except under certain exceptions not pertinent hereto.

Although our revivor statutes have been repealed, § 1081(b) provides an analogous situation with the revivor statute in the above cited cases when compared with § 235.

 It is a settled rule of statutory construction that a special statute making a specific requirement controls over a general statute. Parks v. Stith, 204 Okl. 625, 232 P.2d 614 (1951). Since 12 O.S.1971, § 1081(b) specifically requires substitution of parties prior to enforcement of a judgment, we see no reason why it should not be complied with.

Since there was no substitution as required by § 1081(b), supra, the judgment of the trial court holding the judgment dormant is Affirmed.

Certiorari granted. Court of Appeals reversed. Trial court affirmed.

All the Justices concur.