The Attorney General is in receipt of your letter wherein you request, in effect, an official opinion on the following questions: 1. Where the governing body of a municipality has established a Board of Cemetery Trustees which entity controls the funds set aside for maintenance and upkeep of the municipally owned cemetery ? 2. May the proceeds in excess of the statutory allocation (26%) for maintenance and upkeep be used for purposes other than cemetery related activities? The answer to your first question is found in 11 O.S. 26-108 [11-26-108] (1977), which provides that proceeds received by the Board of Trustees shall be paid to the municipal treasurer and deposited in the municipal treasury. Further, all ordinary and necessary expenditures may only be paid upon due authorization of the Board. It is apparent from the language, Board authorization is a condition precedent to payment of cemetery expenses. Title 11 O.S. 26-109 [11-26-109] (1977), is dispositive of your second question wherein it sets a minimum percentage of the proceeds to be placed in a special account for the purpose of purchasing lands for cemeteries and making capital improvements when necessary. This is not to say, however, the Board cannot exceed the specified percentage (25%) where the circumstances warrant increasing the allocation to maintain the cemetery. This poses the question of whether the funds not earmarked for the cemetery care fund may be used for other purposes. Again, 11 O.S. 26-109 [11-26-109] is determinative wherein it provides that the money not placed in said fund may be invested by the Board as prescribed in 62 O.S. 348.1 [62-348.1] with the income therefrom to be used for capital improvement and maintenance of the cemetery. 62 O.S. 348.1 [62-348.1] contains a proviso much broader in scope than language found in 11 O.S. 26-109 [11-26-109] as regards the use of realized income. To resolve the apparent ambiguity, consideration must be given to the character of legislation involved. 11 O.S. 26-109 [11-26-109] is a component of special legislation governing the establishment and operation of municipally owned cemeteries. 62 O.S. 348.1 [62-348.1] is not. We invite your attention to a fundamental rule of statutory construction which provides that: "A statute which is enacted for a primary purpose of dealing with a particular subject and which prescribes the terms and conditions of that particular subject matter, prevails over a general statute which does not refer to the particular subject matter, but does contain language which might be broad enough to cover the subject matter if the special statute was not in existence." Parks v. Stith, 108 Okl. 84, 232 P.2d 614
(1951). Thus, following that line of reasoning, 11 O.S. 26-109 [11-26-109] permits Board investment with undesignated funds with the income therefrom to be used for capital improvement and maintenance. By way of information, the principal of said investment in no event is to be used for purposes other than cemetery operations. It is, therefore, the official opinion of the Attorney General that: 1. The duly established Board of Cemetery Trustees has primary control over all proceeds generated by the municipal cemetery. 2. Unearmarked cemetery proceeds may be invested in the manner prescribed and the income therefrom used only for maintenance and improvement of the municipal cemetery. (RONALD LEE JOHNSON) (ksg)