Dear Senate Miles-LaGrange,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Are the prohibitions against dual office-holding as provided intitle 51 O.S. 6 (1988), violated when a public officer alsoserves as a presidential elector, pursuant to 26 O.S. 10-104(1981)?
¶ 1 Title 26 O.S. 10-101 (1981) et seq., provide the procedure for the nomination and election of presidential electors. Nominees for presidential electors are selected at a statewide convention of their party in a manner determined by the party. Every party nominee for presidential elector is to subscribe to an oath, stating that if elected he or she will cast a ballot for the persons nominated for the offices of President and Vice President by the national convention of his or her party. 26 O.S. 10-109 provides a penalty for presidential electors who violate the oath to cast their votes for their party's nominees. Persons chosen as presidential electors meet at the Governor's office to cast their votes.
¶ 2 Title 51 O.S. 6 (1988) sets forth the general rule that public officers and their deputies may not hold other public offices. 51 O.S. 6 provides in pertinent part:
 (A) Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office, shall, during his term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state.
¶ 3 In prior Attorney General's Opinions, this statutory prohibition has been interpreted to mean that, unless the Oklahoma Legislature has provided to the contrary, a person who holds a State, county, municipal or other position, which as a matter of fact and law constitutes a public office, may not occupy another such office. See e.g., A.G. Opin. No. 78-171; A.G. Opin. No. 80-127; and A.G. Opin. No. 82-189.
¶ 4 While the Oklahoma Supreme Court, in construing other laws, has found presidential electors to be "state officers'' for other purposes, the Court has never specifically addressed the dual office provisions found in 51 O.S. 6 (1988), in this regard. However, because we do not believe the Legislature intended that the dual office-holding prohibitions of 51 O.S. 6 should apply to presidential electors, we do not find it necessary to decide whether they would otherwise qualify as "state officers" within the meaning of 51 O.S. 6.
¶ 5 Title 26 O.S. 10-104 (1981) contains a specific provision which addresses the qualifications of presidential electors. The statute, which reflects as well the prohibitions of Article II, Section 12 of the Oklahoma Constitution, clearly prohibits certain officeholders from also serving as presidential electors:
 The electors for President and Vice President, hereinafter referred to as Presidential Electors, shall be registered voters of Oklahoma; provided, however, that no United States Senator or United States Representative or person holding an office of trust or profit under the United States shall be a Presidential Elector.
(Emphasis added).
¶ 6 It is a settled rule of statutory construction that a special statute making a specific requirement controls over a general statute. Parks v. Stith, 232 P.2d 614 (Okla. 1951);Beidleman v. Belford, 525 P.2d 649 (Okla. 1974). Moreover, it is generally true that in ascertaining the legislative intent of the statute, the mention of one thing in a statute implies an exclusion of others. Hibdon v. Casualty Corporation of America,Inc., 504 P.2d 878 (Okla. 1972); Hicks v. Tulsa Dynaspan,Inc., 695 P.2d 17 (Okla.App. 1985). The issue of who may be eligible to serve as a presidential elector was clearly a matter considered by the Legislature when it incorporated the Constitutional prohibitions of Article II, Section 12. We therefore find that the Legislature, by virtue of the enactment of 26 O.S. 10-104, intended to preclude only those persons specifically enumerated within the statute from also acting as presidential electors and that state and local officials were not intended by the legislature to be similarly excluded.
¶ 7 It is, therefore, the official opinion of the AttorneyGeneral that the dual office prohibitions provided in 51 O.S.6 (1988) are not violated where a public official also servesas a presidential elector, pursuant to 26 O.S. 10-104 (1981),as the Legislature intended that only persons holding an officeof trust or profit under the laws of the United States should beprecluded from serving as presidential electors in the State ofOklahoma.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL