MITCHELL MANOR CONVALESCENT HOME, INC. d/b/a Mitchell Manor Nursing Home, and Eastern Oklahoma Nursing Homes, Inc. d/b/a Twin City Nursing Center, Appellants,

v.

OKLAHOMA HEALTH PLANNING COMMISSION, consisting of Joan K. Leavitt, M.D., Chairman, Dorothy Chiles, Member, Dr. J. Frank James, Member, Thomas L. Pate, Member, and Phil Watson, DHS, Member; and Beare's Co., Inc., an Oklahoma corporation. d/b/a Beare Manor, Appellees.

No. 72169.

Court of Appeals of Oklahoma,
Division No. 2.

March 12, 1991.

William C. Bowlby, Oklahoma City, for appellants.

Richard C. Lerblance, Hartshorne, for appellee Beare's Co., Inc.

Robert Henry, Atty. Gen., Janie Simms Hipp, Asst. Atty. Gen., Oklahoma City, for appellee Oklahoma Health Planning Com'n.

BRIGHTMIRE, Judge.

Challenged here is the trial court's order dismissing the plaintiffs' petition—for review of an agency order granting a certificate of need for new nursing home—on the ground of improper venue.

I

On March 21, 1988, appellee Beare's Co., Inc., filed an application with appellee Oklahoma Health Planning Commission (OHPC), requesting that a certificate of need be issued to permit the construction of a facility containing a forty-bed intermediate care unit and a twenty-bed nursing

care unit in Hartshorne, Oklahoma. This application was approved by OHPC on June 23, 1988.

The appellants, Mitchell Manor Convalescent Home, Inc., and Eastern Oklahoma Nursing Homes, Inc., filed requests with OHPC for reconsideration of its action approving the application. OHPC denied the requests August 23, 1988.

On September 21, 1988, the appellants timely filed an appeal in the District Court of Oklahoma County, alleging that OHPC's decision was contrary to law, arbitrary, capricious, based on insufficient evidence, and clearly erroneous. The appellants requested that the trial court reverse the decision of OHPC and remand the matter with instructions to deny the requested certificate of need.

On October 6, 1988, Beare's filed a motion to dismiss the action on the ground of improper venue, contending that 75 O.S. 1981 § 318 requires that this action be commenced in Pittsburg County—the site of the proposed nursing home and the location of the appellants' nursing home facilities. OHPC did not respond to the motion to dismiss but announced to the trial court that it wished to join in the motion.

The trial court entered an order finding that the appellants were residents of Pittsburg County, that the petition for review had been improperly filed in Oklahoma County and that it should have been filed in Pittsburg County. The court sustained the motion to dismiss and correspondingly the petition was dismissed with prejudice.

From this final order an appeal was commenced.

## II

We cannot agree that 75 O.S.1981 § 318 limits venue of a petition for judicial review of an OHPC order to the district court of Pittsburg County, which is the county where the appellants reside and where the opposed nursing facility is proposed to be built. It appears that the venue proviso in § 318(2) was aimed at accommodating the aggrieved party and was not intended to prescribe an exclusive venue for district court review of OHPC orders even though the term "shall" is used.

The basis for our conclusion is this: First, in § 318(2) the legislature was concerned with allocating review jurisdiction of certain reviewable final orders between the Supreme Court and the district courts. Second, § 318(1) specifies that any person aggrieved by an agency order is entitled to a speedy and complete judicial review "under this act, but" continues the statute, "nothing in this section [§ 318] shall prevent resort to other means of review, redress, relief or trial de novo, available because of constitutional provisions."

We believe the foregoing statute is intended to open widely the various procedural doors in order to provide a "means" for an aggrieved party to obtain judicial review. After all, venue is not a jurisdictional matter. Objection to it may be waived. *City of Cleveland v. Cheatham*, 285 P.2d 205 (Okl.1955).

The means of obtaining review by the aggrieved parties in this instance was to invoke one of our venue statutes authorizing the filing of their petition for judicial review in Oklahoma County. The law set out in the first such statute, 12 O.S.1981 § 143, is as follows:

"*All* venue statutes are cumulative *wherever* they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special." (Emphasis added.)

The venue statutes in Title 12 authorize an action such as this to be brought, indeed, one says "must be brought in the county in which ... one of the defendants resides or may be summoned."[1] There is no question that one of the defendants in this case, OHPC, resides in Oklahoma County.[2]

---

1. Title 12 O.S.1981 § 139.

2. *See State Bd. of Educ. v. District Ct. of Bryan County*, 290 P.2d 413 (Okl.1955).

When an action is against a "public officer for an act done by him in virtue, or under color, of his office" then another applicable venue statute provides that the action "must be brought in the county where the cause, or some part thereof arose." 12 O.S.1981 § 133. And there exists yet a third statute stating that an action "against a corporation created by the laws of this state, may be brought in the county in which it is situated ... or in the county where the cause of action or some part thereof arose." 12 O.S.1981 § 134.

The defending appellees rely on four appellate decisions none of which involves an issue pertaining to venue.

The first, *Beidleman v. Belford*, 525 P.2d 649 (Okl.1974), deals with an attempt by a judgment creditor to revive a dormant judgment after the effective date of a revivor statute's repeal. Among other things, the court invoked the general common-law rule of statutory construction that a special statute which makes a specific requirement controls over a general statute. Such rule is not applicable in this case because, as has already been pointed out, there is a specific statute governing the construction of various general and special venue statutes.

The second case cited by the appellees, *Citizens' Action for Safe Energy, Inc. v. Oklahoma Water Resources Board*, 598 P.2d 271 (Okl.App.1979), is offered as having approved the *Beidleman* common-law rule of statutory construction by holding that a party aggrieved by an administrative order must comply with the procedural requirements prescribed by a special statute authorizing judicial review. The *Citizens'* court also enlisted for support the holding in the third case cited by the appellees, namely, *Edmondson v. Siegfried Insurance Agency, Inc.*, 577 P.2d 72 (Okl.1978), in which the aggrieved party failed to establish jurisdiction for district court judicial review because he did not timely name all parties made necessary by the special act involved.

■ Assuming that the selection of venue is a "procedural" matter within the broader connotation of that term,[3] venue is a subject statutorily treated separately and in some detail as we have seen. This fact coupled with the applicational command of § 143 prohibits invocation of the judicial rule of construction applied in the last case cited by the appellees, which holds that "[w]here two statutes are inconsistent and repugnant, the latest expression of legislative will is held to prevail and to repeal the repugnant provision of the earlier statute." *Kohler v. Clark*, 525 P.2d 1401, 1403 (Okl. App.1973).

### III

The dismissal order is therefore vacated and the cause is remanded for further proceedings.

REIF, P.J., concurs.

MEANS, J., dissents.

MEANS, Judge, dissenting

Plaintiffs Mitchell Manor Convalescent Home, Inc., and Eastern Oklahoma Nursing Homes, Inc., brought this action in the District Court of Oklahoma County for judicial review of an order of defendant Oklahoma Health Planning Commission. The trial court dismissed the action for lack of proper venue. I would affirm the trial court's order.

In June 1988 defendant Beare's Co., Inc., received from the Commission a certificate of need allowing Beare's to construct and operate a forty-bed intermediate care and twenty-bed skilled nursing facility in Pittsburg County. Plaintiffs, which are nursing homes located in Pittsburg County, opposed the certificate and sought reconsideration of the decision, which was denied.

Plaintiffs then filed their petition for judicial review of the order in Oklahoma County. Beare's moved to dismiss the ac-

---

**3.** Procedure is generally thought of as including the "machinery for carrying on suit including pleading, process, evidence and practice, whether in trial court or appellate court." *Black's Law Dictionary*, 1083 (5th ed. 1979).

tion, alleging that, under 75 O.S.1981 § 318(2) an action for judicial review of a Commission order must be brought either "in the district court of the county in which the party seeking review resides or at the option of such party where the property interest affected is situated." Beare's concluded that venue was thus mandatory in Pittsburg County. The Commission joined in the motion to dismiss. After hearing arguments of counsel, the trial court granted the motion and dismissed Plaintiffs' petition. From this order, Plaintiffs have appealed.

Plaintiffs argue that the venue provisions of the then-effective Oklahoma Administrative Procedures Act, 75 O.S.Supp. 1987 §§ 250.1–257 and 309–323, are not exclusive. They base their reasoning on the language of 12 O.S.1981 § 143: "All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special." Plaintiffs contend that section 318 of the APA supplements the general venue provision for transitory actions found in 12 O.S.1981 § 139, which allows suit to be brought "in the county in which the defendant or some one of the defendants resides or may be summoned." Plaintiffs also cite 12 O.S. 1981 §§ 133 (Second) and 134, providing venue for actions against both public officials and against corporations in the county where the cause of action arose. As the Commission's "residence" is in Oklahoma County, and as the cause of action arose there, *i.e.*, the Commission order was rendered there, Plaintiffs conclude that they should have been allowed to proceed in Oklahoma County, and that the trial court thus erred in dismissing their action for improper venue.

Plaintiffs' argument is unpersuasive. General statutes relating to venue and jurisdiction are inapplicable to the specific, statutorily-mandated means of judicial review of agency decisions. At the time Beare's sought its certificate, the legislature had specified that decisions of the Health Planning Commission were to be appealed under the APA. 63 O.S.Supp. 1987 § 1–854.1. Absent review provided by constitutional provisions, section 318 prescribes the *"exclusive* means of judicial review" of agencies controlled by the APA. *Conoco, Inc. v. State Dep't of Health,* 651 P.2d 125, 128–29 (Okl.1982).

Further, prior to 1977, section 318 provided venue "in the district or superior court of the county in which the agency or institution is located in which the property interest affected is situated or in the district court of the county in which the agency or institution is located...." 75 O.S.1971 § 318. The Legislature specifically abolished this venue scheme when it amended the statute, effective October 1, 1977, to provide venue at the convenience of the party seeking review rather than of the agency. 1977 Okla.Sess.Laws, ch. 114, § 2.

The trial court was not in error in dismissing Plaintiffs' petition. I would affirm the order.