332 So.2d 684 (1976)
Wynn E. WALTERS, Petitioner,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DIVISION OF HEALTH, Respondent.
No. Z-463.
District Court of Appeal of Florida, First District.
May 28, 1976.
Richard Kane of Kane & Kaufman, Daytona Beach, for petitioner.
Robert M. Eisenberg and J.E. Hodges, Jacksonville, for respondent.
RAWLS, Acting Chief Judge.
By petition for writ of certiorari, Walters challenges an order of the Circuit Court of Volusia County transferring venue of this administrative proceeding to the Circuit Court for Leon County.
On March 11, 1975, petitioner sought review in the Circuit Court of Volusia County *685 of an order of the Division of Health revoking petitioner's certificate of registration as a licensed hearing aid dealer. Seven days later, petitioner recorded the certificate of registration in the Circuit Court Clerk's office in Volusia County. Supersedeas was granted petitioner by the Volusia County Circuit Court. Various and sundry motions were filed by each party which were entertained and ruled upon by the Volusia County Circuit Court. On May 9, 1975, respondent filed an interlocutory appeal from the Circuit Court of Volusia County to this court. Numerous motions and depositions were filed in the Volusia County Circuit Court while the interlocutory appeal was pending in this court. On July 14, 1975, this court filed its opinion dismissing the interlocutory appeal on the ground that an interlocutory appeal was not available from a judgment of a circuit court exercising appellate jurisdiction.[1] On August 15, 1975, respondent filed a Motion to Transfer Jurisdiction for Writ of Certiorari to Proper Court. On September 2, 1975, the Circuit Court of Volusia County entered an order providing:
"This cause came on to be heard upon the Respondent's motion to transfer the jurisdiction for writ of certiorari to proper court dated August 13, 1975 [filed August 15, 1975]... .
"WHEREFORE it is the order of this court that Respondent's motion to transfer jurisdiction for writ of certiorari to proper court is hereby granted..." (emphasis supplied)
The question presented in this case is not one of jurisdiction but of venue; the distinction between which, apparently, was not understood by respondent or the trial court.[2] Venue is one thing; jurisdiction is another. They are not synonymous. Venue concerns "the privilege of being accountable to a Court in a particular location". Jurisdiction is "the power to act", the authority to adjudicate the subject matter.[3] Florida Statute 468.133 (1973) entitled "Review of orders of the division by the circuit courts; procedure and venue [emphasis supplied]", subsection (1) provided:
"The final order of the division in proceedings for the suspension or revocation of certificates of registration shall be subject to review by the Circuit Court of Leon County, or the county wherein the registrant has recorded his certification of registration and has his principal place of business, or of the county wherein the books and records of the division are kept."[4]
Thus, jurisdiction to review respondent's orders for suspension or revocation of certificates of registration was vested in one of three circuit courts: 1) the Circuit Court of Leon County, 2) the circuit court for the county wherein respondent here kept its books and records, or 3) the circuit court for the county wherein petitioner here had recorded his certificate of registration and had his principal place of business.
It is uncontradicted that petitioner had his principal place of business in Volusia County and that petitioner did record his certificate of registration seven days after seeking appellate review of respondent's order. Jurisdiction for such review by the Volusia County Circuit Court was statutorily provided. Proper venue for such appellate review was dependent upon a factual basis. Respondent having not initially *686 challenged venue, the subsequent recording of the certificate of registration by petitioner cured the deficiency of venue in the Circuit Court of Volusia County.
Certiorari is granted. The order transferring venue to Leon County is quashed.
MILLS, J., concurs.
SMITH, J., specially concurs.
SMITH, Judge (concurring):
I agree to the court's judgment restoring this case to the Circuit Court of Volusia County for disposition. I would not, however, predicate the decision on a theory that respondent's "Motion to Transfer Jurisdiction for Writ of Certiorari to Proper Court" was ineffective to raise the venue question. Rather, I would give respondent's motion full effect for that purpose and hold, nevertheless, that the statutory requirement for recording petitioner's certificate in the county of his principal place of business could be satisfied during the course of litigation, whenever recordation became necessary to save petitioner's substantial right to litigate at home.
NOTES
[1] State Department of Health & Rehabilitative Services, Division of Health v. Walters, 315 So.2d 494 (1 Fla.App. 1975).
[2] McGowin v. McGowin, 122 Fla. 394, 165 So. 274 (1936).
[3] Williams v. Ferrentino, 199 So.2d 504 (2 Fla.App. 1967).
[4] The Division of Health was abolished and its functions transferred to the Department of Health and Rehabilitative Services on October 1, 1975. See § 3(3), ch. 75-48, Laws of Florida.