W. T. McGowin v. Genevieve McGowin

165 So. 274.

Division ·B.

Opinion Filed January 14, 1936.

*L. Grady Burton* and *Whitaker Brothers,* for Appellant; *E. B. Drumright,* for Appellee.

ELLIS, P. J.—The appeal in this case is from a decree dismissing a suit for divorce, the basis of the decree being that

the complainant was not at the time of the institution of the suit a resident of the county in which the suit was begun, nor was the defendant a resident of that county at that time.

W. T. McGowin exhibited his bill in the Circuit Court for Hardee County for divorce against his wife. She was at that time, May, 1933, residing in the State of Illinois. The bill alleged that the complainant had resided in the State of Florida for two years last past before the filing of the bill.

In December, 1934, a summons in chancery was served on the defendant, Mrs. Genevieve B. McGowin, in Tampa, Florida. She appeared generally in January, 1935, and interposed her answer during the same month. There was included in the answer a plea of privilege in which it was averred that the actual residence of the complainant at the time of instituting the suit was Hillsborough County, Florida, and that he never was a resident of Hardee County; that the defendant's residence at the time of the application for the summons in chancery was Hillsborough County and that she had never resided in Hardee County; that no property was involved in the suit situated in Hardee County.

The matter was referred to a master to take evidence and report it to the court. That was done and the court found the facts to be that the complainant was at the time of the decree and at the time of the institution of the suit a resident of Hillsborough County, Florida, and that neither he nor the defendant ever resided in Hardee County where the suit was begun; that the defendant's plea of privilege to be sued in the county of her residence was not sustained. That finding rested evidently upon the fact that when the suit was begun Mrs. McGowin was a resident of the State of Illinois.

The Chancellor in this state of the case held that the Circuit Court for Hardee County was without jurisdiction to entertain consideration of the cause and dismissed the suit. There is ample evidence in the record to support the findings of fact. The only question, therefore, involved is, may a person who has resided in Florida for two years continuously, maintain a suit for divorce in any county of the State other than the county of his residence, when his or her spouse resides in a State other than the State of Florida?

When the bill for divorce was filed in this case the statute required residence by the complainant in this State for two years before the filing of the bill, except in cases where the defendant has been guilty of the act of adultery. See Sec. 4981 C. G. L. 1927. There was no such ground alleged in this case.

Chapter 16975, Acts of Florida, 1935, reduced the period of residence by the complainant to ninety days before the filing of the bill of complaint. Upon the subject of locality of actions the statute provides that "suits shall be begun only in the county * * * where the defendant resides or where the cause of action accrued, or where the property in litigation is." See Sec. 4219 C. G. L.

Now the defendant did not reside in Florida when the bill was filed and there is no property involved in the litigation, and as the grounds alleged for the divorce were extreme cruelty and desertion it does not appear that the "cause of action," assuming that the term "grounds for divorce" has the same significance, accrued in the State of Florida. So the statute, Section 4219, *supra*, has no bearing upon this proceeding.

Section 4980, C. G. L., 1927, invests courts of equity with jurisdiction in cases of divorce.

The power to grant a divorce is a statutory and not a

common law power. 19 C. J. 23; Martin v. Martin, 173 Ala. 106, 55 South. Rep. 632; Herron v. Passailaigue, 92 Fla. 818, 110 South. Rep. 539. In the latter case the Court, speaking through Mr. Justice TERRELL, said: "No principle of law is better settled than this: The right of every State, under the Constitution of the United States, to regulate the matter of marriage and divorce within its own borders and to defend it against encroachment, and to fix and declare matrimonial status of its own citizens." But the power to grant divorces is a judicial power and not a legislative one. See Ponder v. Graham, 4 Fla. 23.

Whatever confusion of authority may exist upon the subject between the various sovereignties of the United States, the distinction between the power of the Legislature to enact laws regulating marriage and divorce and the power of the judiciary to dissolve the marriage contract upon a proper showing must be considered settled and clearly defined in this State.

While the marriage relation is a matter of contract between the parties who enter upon that status, the State is regarded as a party at interest. The reason why it is so regarded has been many times set forth in former opinions and decisions of this Court, and may not be repeated here without unnecessary iteration. See Gallemore v. Gallemore, 94 Fla. 516, 114 South. Rep. 371; Potter v. Potter, 101 Fla. 1199, 133 South. Rep. 94; Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020, 15 L. R. A. (N. S.) 670; Kennedy v. Kennedy, 101 Fla. 239, 134 South. Rep. 201.

The question presented in this case is not one of jurisdiction, but of venue, the distinction between which has been long understood. See Paige v. Sinclair, 237 Mass. 482, 130 N. E. Rep. 177; Shaffer v. Bank, 201 N. C. 415, 160 S. E.

Rep. 481; Blanchard v. Twin City Market (Va.) 160 S. E. Rep. 310.

As Chief Justice RUGG said, in the case of Paige v. Sinclair, *supra:*

"The distinction between jurisdiction and venue is plainly established. Potter v. Lapointe Machine Tool Co., 201 Mass. 557, 560, 563. Jurisdiction is a term of comprehensive import. In concerns and defines the power of judicatories and courts. It embraces every kind of judicial action touching the subject of the action, suit, petition, complaint, indictment or other proceeding. It includes power to inquire into facts, to apply the law, to make decision and to declare judgment. Hopkins v. Commonwealth, 3 Met. 460, 462. Dinan v. Swig. 223 Mass. 516, 520. Venue in its modern and municipal sense relates to and defines the particular county or territorial area within the State or district in which the cause or prosecution must be brought or tried. It commonly has to do with geographical subdivision, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all. United States v. Hvoslef, 237 U. S. 1, 12. British South Africa Co. v. Companhia De Mocambique (1893) A. C. 602, 617, 619, 630. Herd v. Touhy, 133 Cal. 55. *In Re:* Ellis Estate, 55 Minn. 401, 408."

In many states, but not in this one, the statutes prescribe the venue or county or territorial area within the State in which the cause must be tried. The Legislature of this State has undertaken to do that insofar as to require the action to be brought in the county where the defendant resides, or where the cause of action accrued or where the property in litigation is. Sec. 4219, C. G. L., *supra.*

The statute does not require the action for divorce to be brought in the county of complainant's residence. The

action for divorce is a transitory and not a local action. As a rule it is immaterial that the act constituting grounds for divorce occurred in a county other than that in which the suit is brought. The reason for the rule is that the contract of marriage and action for divorce are considered as transitory. Smith v. Smith, 4 Green (Iowa) 266; Jones v. Jones, 60 Texas 451; 19 C. J. 35.

The distinction between a local and transitory action is clearly understood and the history relating to such distinction affords some interesting reading. See 67 C. J. 15 and notes. It is sufficient to state here that the action of divorce is classed in the category of transitory actions. As such any Circuit Court of the State has jurisdiction of the subject matter and no statute regulating venue requires the action in the circumstances of this case to be brought in Hillsborough County, which is the county of complainant's residence, but, as the Chancellor found, not the county of the defendant's residence.

The decree of the Chancellor in dismissing the action for lack of jurisdiction was error, so the decree is reversed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.