Charles Ray RICH and the Western Surety Company, a corporation, Plaintiffs in Error,

v.

R. R. REYNOLDS, Defendant in Error.

No. 36275.

Supreme Court of Oklahoma.

Dec. 14, 1954.

L. D. Hoyt, Oklahoma City, Dick Bell,. Seminole, for plaintiffs in error.

Wyatt & Wyatt, Shawnee, for defendant. in error.

O'NEAL, Justice.

This was an action to recover damages. for an assault and battery alleged to have been inflicted upon the plaintiff, R. R. Reynolds, by the defendant, Charles Ray Rich, the sheriff of Seminole County, Oklahoma, and against the Western Surety Company, a corporation, upon the Sheriff's official bond.

In the month of October, 1948, a citizen of Seminole County, Oklahoma lodged a complaint with the County Attorney of said county, that Speck Hibler and another person were the operators of the Grand Billiard Parlor located in the city of Seminole, Oklahoma, upon which premises they conducted gambling games in violation of the law. The Assistant County Attorney prepared a

complaint and filed it with R. R. Reynolds, a Justice of the Peace of said county. A warrant for the search of the Grand Billiard Parlor and for the arrest of the alleged proprietors thereof was issued by the Justice of the Peace and delivered to a deputy sheriff for service. The Assistant County Attorney and the Justice of the Peace accompanied the deputy sheriff to the Grand Billiard Parlor where the premises were searched and the warrant was served on Speck Hibler.

Approximately three weeks later Reynolds met Rich and inquired if the warrant had been served on the other person. When advised it had not been served, Reynolds requested that the warrant be turned in and stated that he would have other officers serve it. Rich thereupon stated that he would deliver the warrant to the Assistant County Attorney and asked Reynolds to accompany him to the County Attorney's office for that purpose. When they arrived at the office of the Assistant County Attorney they engaged in a general discussion with reference to the failure and neglect of Rich to serve the warrant on the other person. The Assistant County Attorney and Reynolds strongly insisted that the warrant be served; whereupon, Rich became angry and stated that "no s. o. b. was going to tell him what to do." As Reynolds attempted to leave the room, Rich assaulted him striking him repeatedly with his fists and knocking him from ten to fifteen feet into the corner of the room where Reynolds fell to the floor. The Assistant County Attorney then pushed Rich out of his office, locked the door, and called for an ambulance which took Reynolds to a local hospital for treatment.

According to the medical testimony Reynolds suffered from a fracture to the upper portion of the left femur, or thigh bone, at the bony prominence near the hip. Surgery was performed upon him and a metal plate was screwed into his hip bone. Further comment as to the injury inflicted or as to the amount recovered as damages need not be elaborated, as defendants do not challenge the evidence as insufficient to sustain the amount of the judgment returned.

The defendant, Rich, presents two grounds for reversal: (1) That the venue of the cause was in Seminole County and the District Court of Oklahoma County did not have jurisdiction of the cause of action; and (2) alleged error in the manner of reaching the verdict.

Defendant contends that the venue of the action is fixed by 12 O.S.1951 § 133, which provides:

"Actions for the following causes must be brought in the county where the cause, or some part thereof arose:

"First. * * *

"Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties.

"Third. An action on the official bond or undertaking of a public officer."

The record does not disclose that defendant, Rich, challenged the venue or jurisdiction of the trial court. Defendant filed his separate motion to quash, vacate and set aside the proposed summons for the reason that the same was not issued, served and returned according to law. The motion was overruled and no exceptions were reserved.

The defendant, Rich, then filed a separate demurrer to plaintiff's petition upon the ground that the petition did not state a cause of action but the answer does not raise the question of venue. The separate answer of the defendant Rich alleged that the plaintiff provoked and brought on the altercation by insinuating that the defendant was not carrying out the duties of his office and that anything that he did was in necessary self-defense. The answer did not, however, raise the question of venue or jurisdiction here presented.

■ The Statute, supra, confers a privilege on the officer which he may waive, and this he does by going to trial without objection. In construing the terms of Section 4673, Revised Laws 1910 (now 12 O.S. 1951 § 133) the statute here involved, we held in Hume v. Cragin, 61 Okl. 219, 160 P. 621:

"Where an action which, under the terms of section 4673, Revised Laws 1910, should have been commenced in a county in which the cause, or some part thereof, arose is improperly commenced in some other county a question of venue arises, which may be waived, and if the defendants thus improperly sued in the wrong county, instead of confining their objection to that of having been sued in the wrong county, file demurrers presenting other grounds than that of the venue they thereby waive the objection that they have been improperly sued in the wrong county and submit themselves to the jurisdiction of the court of the county in which the action was commenced, that court having jurisdiction of the action in other respects."

This principle of the law was restated by this court in Summers v. Williams, 206 Okl. 164, 242 P.2d 139.

■ Moreover, as the record here discloses, the court has jurisdiction of the defendant, Rich, as the evidence shows his term of sheriff of Seminole County had expired, and he had established a residence in Oklahoma County in the year 1950, and service of summons was made upon him in Oklahoma County.

Defendant, Rich, also contends that there was error of the jury in the manner of arriving at the verdict. This contention is not supported by either argument or authority. The record discloses that the court submitted two forms of verdict. The first form submitted the liability of the defendant, Western Surety Company, the second form the liability of the defendant, Rich.

After the jury was returned into court the trial judge observed that the jury returned a verdict against the defendant, Western Surety Company, for $3,500. The second form of verdict recited "none" as against the defendant, Rich.

The court advised the jury that they did not have to return a verdict against the Western Surety Company, but if they did, they would also have to return a verdict against the defendant, Rich, as set out in the Court's instructions. After the jury

had further considered the case they were again returned into court at which time their foreman stated that they were stuck on a technicality with reference to the forms of verdict submitted, but that they had agreed upon the verdict itself. The foreman of the jury thereupon drew a line through the word "none" contained in the second form of verdict and inserted therein the amount of $3,500. One of the jurors then inquired if each defendant would have to pay plaintiff the sum of $3,500, and were advised by the court that only one amount of $3,500 could be recovered. Thereupon, the verdict was submitted to the court upon which the judgment was entered. No objections were made by the defendant, Rich, to the foregoing proceedings, or any request made that the jury again retire for further consideration of the verdict. Under 12 O.S.1951 § 580, the jury had the privilege to correct their verdicts without returning to the jury room. That section provides:

"When the case is finally submitted to the jury, they may decide in court or retire for deliberation. If they retire, they must be kept together, in some convenient place, under charge of an officer, until they agree upon a verdict or be discharged by the court, subject to the discretion of the court, to permit them to separate temporarily at night, and at their meals. The officer having them under his charge shall not suffer any communication to be made to them, or make any himself, except to ask them if they are agreed upon their verdict, unless by order of the court; and he shall not, before their verdict is rendered, communicate to any person the state of their deliberations, or the verdict agreed upon."

■ This court has frequently announced the rule that assignments of error presented by counsel in their brief unsupported by authority will not be noticed on appeal unless it is apparent without further research that they are well taken. Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okl. 400, 31 P.2d 843.

The defendant, Western Surety Company, adopts the assignments of error and argu-

ments in support thereof presented by the defendant, Rich, and further asserts that the evidence does not show that the defendant Rich was engaged in his official capacity when he assaulted the plaintiff, but that he was engaged in a personal altercation with the plaintiff, Reynolds, for which the Surety was not liable. This defendant urges that the court's Instruction No. 14 was erroneous and therefore the judgment as to it should be reversed.

Instruction No. 14 reads:

"In the event you find for the plaintiff, as covered in the last preceding instruction, and return a verdict against the defendant, Charles Ray Rich, you are instructed that since it appears from the evidence in this case that said defendant, Charles Ray Rich, was at said time and place engaged in the performance of his official duties as Sheriff of Seminole County, Oklahoma, and that the defendant, Western Surety Company, a corporation, had issued a public official's bond covering the performance of his duties as such Sheriff, then you should also return a verdict for the plaintiff as against said defendant, Western Surety Company, a corporation, not to exceed the sum of $5,000.00, the amount of said bond."

■ Under the facts presented by this record, we are of the view that the instruction was a correct statement of the law for the reason that the evidence shows that the Assistant County Attorney prepared the complaint; that it was filed in the office of the Justice of the Peace, and that a warrant was issued thereon commanding the sheriff to search the described premises, and for the arrest of the alleged proprietors of the Billiard Parlor; that thereafter the defendant, Rich, obtained possession of the warrant which he had failed and refused to serve; that approximately three weeks after the issuance of the warrant the Assistant County Attorney phoned Reynolds, the Justice of the Peace, requesting information about the service of the warrant. On the same day plaintiff contacted the defendant Rich and advised him that the County Attorney had inquired about the service of the warrant; that the defendant stated he had the warrant in his possession and had not, nor did he intend to serve it. When plaintiff suggested that the sheriff return the warrant to the office of the Justice of the Peace so that it could be served by other officers, the sheriff replied that he would not do so, but requested the Justice of the Peace, Reynolds, to accompany him to the office of the County Attorney. In a conference with the Assistant County Attorney he advised the sheriff that it was his statutory duty to serve the warrant. The sheriff became incensed and allegedly made the remark testified to by the plaintiff, and by the Assistant County Attorney; that the plaintiff was not the aggressor is sustained by the uncontradicted evidence that he was approaching the exit door of the room when the assault was committed. These facts warranted the court in giving instruction No. 14, in which he advised the jury that the defendant, Rich, was acting in his official capacity when the altercation and the assault and battery occurred.

■ Where a material fact is conclusively shown by undisputed evidence, then the giving of an instruction which assumes that such fact has been established is not error sufficient to justify a reversal of the judgment. Bleecker v. Miller, 40 Okl. 374, 138 P. 809; Byers v. Ingraham, 51 Okl. 440, 151 P. 1061.

It is apparent that the anger and resentment of the defendant Rich arose by reason of the Assistant County Attorney and the Justice of the Peace insisting that he perform his duty as sheriff by serving the warrant.

■ The mere fact that a peace officer in the discharge of his duty becomes angered does not rob his acts of their official character. Meek v. Tilghman, 55 Okl. 208, 154 P. 1190.

Finding no substantial error in the record, the judgment of the trial court is therefore affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.