**CITIZENS' ACTION FOR SAFE ENERGY, INC., Appellant,**

v.

**OKLAHOMA WATER RESOURCES BOARD and Public Service Company of Oklahoma, Appellees.**

No. 52936.

Court of Appeals of Oklahoma, Division No. 1.

May 15, 1979.

Rehearing Denied June 12, 1979.

Certiorari Denied July 20, 1979.

Released for Publication by Order of Court of Appeals July 26, 1979.

Andrew T. Dalton, Jr., Tulsa, for appellant.

R. Thomas Lay, Oklahoma City, Jan Eric Cartwright, Atty. Gen. of Oklahoma, Victor Hill, Asst. Atty. Gen., Oklahoma City, for appellee Oklahoma Water Resources Bd.

Lee W. Paden, Tulsa, for appellee Public Service Co. of Oklahoma.

ROMANG, Presiding Judge:

This appeal is from an Order of the District Court of Rogers County sustaining appellees' jurisdictional demurrers to appellant's Petition for Review because of failure to timely file.

Appellees are Oklahoma Water Resources Board (Board), an agency of the State of Oklahoma, and Public Service Company of Oklahoma (Public Service), a public utility.

Appellant is Citizens' Action for Safe Energy, Inc. (CASE), a non-profit Oklahoma corporation.

By Order of the Oklahoma Supreme Court this case, No. 52,936, and Case No. 52,772 were noted to be companion cases. This court is promulgating opinions in both cases at the same time.

The essential facts are briefly as follows:

Public Service made application to the Board for permission to use 50,000 acre-feet of water per year from the Verdigris River in the operation of its Black Fox Nuclear generating facility in Rogers County. At the hearing before the Board, CASE appeared and protested. On July 11, 1978, the Board entered its Order granting the requested permit subject to conditions specified therein. CASE was notified of the Order on July 13, 1978, and its counsel was notified on July 17, 1978. On July 31, 1978, CASE filed its Petition for Review in the District Court of Oklahoma County. The appellees each filed a jurisdictional demurrer thereto. Said demurrers were sustained by the Oklahoma County District Court on September 8, 1978, by an Order that reads in pertinent part:

The Court finds that, although there is but one District Court in Oklahoma, that this cause, being a Petition for Review, is not maintainable in Oklahoma County, Oklahoma, but should be filed in Rogers County, Oklahoma.

IT IS THEREFORE ORDERED that Citizens' Action for Safe Energy shall have ten (10) days from this date to file this action in Rogers County District Court and exception is allowed Public Service Company of Oklahoma.

IT IS FURTHER ORDERED that upon the expiration of ten (10) days from this date that this cause be dismissed and exceptions are allowed Citizens' Action for Safe Energy.

IT IS FURTHER ORDERED that Citizens' Action for Safe Energy may with-

draw the record on review for filing in Rogers County, Oklahoma.

On September 11, 1978, CASE filed its Petition for Review in the Rogers County District Court, naming the Board and Public Service as defendants, the same as in the Oklahoma County District Court case. The Board and Public Service again filed separate jurisdictional demurrers. On November 2, 1978, the Rogers County District Court sustained said demurrers. CASE has appealed from that ruling. CASE presents three propositions for reversal which are:

1. CASE is entitled to the protection of the remedial provisions of Title 12 O.S. § 100.
2. The policy in Oklahoma is to have cases tried on the merits.
3. Appellees cannot attack the Oklahoma County ruling authorizing refiling other than by appeal.

The real question is whether CASE can maintain its Petition for Review in the Rogers County District Court. CASE relies heavily on 12 O.S.Supp.1975, § 100, which reads:

If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

CASE argues that it had one year from the time of dismissal in Oklahoma County, or at least ten days from the Order of the District Court of Oklahoma County in which to file its Petition for Review in Rogers County.

82 O.S.Supp.1972, § 1085.10, reads:

In the exercise of all powers and performance of all duties provided in this act, the Oklahoma Water Resources Board shall comply with the procedures provided in the Administrative Procedures Act. Appeals shall be taken as provided in said act.

The Administrative Procedures Act, 75 O.S.1971, § 301 et seq., in § 318, as amended in 1977, provides:

. . . [P]roceedings for review shall be instituted by filing a petition, in the district court of the county in which the party seeking review resides or at the option of such party where the property interest affected is situated, within thirty (30) days after the appellant is notified of the order . . . . .

By virtue of § 1085.10, supra, and § 318, supra, the said § 100, supra, has no application to the mandatory special proceedings for review authorized under the Administrative Procedures Act. It is a settled rule of statutory construction that a special statute making a specific requirement controls over a general statute. Beidleman v. Belford, Okl., 525 P.2d 649.

In Edmondson v. Siegfried Ins. Agency, Inc., Okl., 577 P.2d 72, the court held that judicial review of an order of an administrative board is a special proceeding; that the procedural requirements are mandatory; and that the terms of the statute must be complied with before a District Court can acquire jurisdiction for review.

We have held in Case No. 52,772 that the District Court of Oklahoma County did not acquire jurisdiction for the purpose of review. Therefore that court could not confer jurisdiction on the District Court of Rogers County.

In 73 C.J.S. Public Administrative Bodies and Procedure 540–541, relevant aspects of the law applying to administrative boards is stated as follows:

A person seeking judicial review of a decision of an administrative body must act seasonably and promptly in carrying out the provisions governing such proceedings. The proceedings must be instituted within the period of time prescribed by statute, since such a statutory provision is ordinarily mandatory. . . . Where a statute requires that a proceeding to review an administrative body's decision shall be commenced within a specified period, filing suit in a court which lacks jurisdiction of the cause of

274

action is not "commencement and prosecution of a suit" so as to interrupt the running of the period of limitation. (Citing, *Price v. Continental Cas. Co.,* Tex. Civ.App., 229 S.W.2d 887 (1950).

Here, the period of limitation for filing a Petition for Review in the District Court of the statutorily prescribed county was thirty (30) days after the appellant was notified of the Board's Order. Timely filing is jurisdictional. Since appellant's Petition for Review was not timely filed in Rogers County, the District Court of that County lacked jurisdiction for judicial review. *Kohler v. Clark,* Okl.Ct.App., 525 P.2d 1401; and *Burk v. Burk,* Okl., 516 P.2d 268. Therefore the Order sustaining the jurisdictional demurrers is affirmed.

AFFIRMED.

REYNOLDS and BOX, JJ., concur.