STATE of Oklahoma ex rel. OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Appellant,

v.

EMERGENCY PHYSICIANS, INC., Appellee.

STATE of Oklahoma ex rel. OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Appellant,

v.

SOUTHWEST OKLAHOMA EMERGENCY PHYSICIANS, INC., Appellee.

Nos. 53197, 53198.

Supreme Court of Oklahoma.

July 14, 1981.

Deborah Brown Kovac, Oklahoma Employment Sec. Commission, Oklahoma City, for appellant.

O. Christopher Meyers, Godlove, Joyner, Garrett, Meyers & Mayhall, Inc., Lawton, for appellees.

LAVENDER, Justice:

This appeal is from judgments of the District Court of Comanche County reversing an order of the Oklahoma Employment Security Commission (defendant below) which found and determined that physicians who had entered into contracts with plaintiff corporations were "employees" within the meaning of the Oklahoma Em-

ployment Security Act,[1] and as a consequence of such finding were liable for contributions to the Oklahoma Employment Security Commission based upon wages paid them for their services.

By order of this Court, case No. 53,197 and case No. 53,198 were consolidated under the surviving number 53,197, the facts for the purposes of this appeal and the law applicable thereto being identical.

The actions were initiated by the Oklahoma Employment Security Commission (Commission) determining that physicians who had entered into contracts with each of the plaintiff corporations to furnish emergency room services within certain hospitals occupied the status of "employees" under the act and as a result levied an assessment of unemployment compensation taxes against each of the plaintiffs. Plaintiffs requested a review and redetermination of the assessments by the Assessment Board of the Commission. The Assessment Board heard both cases simultaneously, and on May 12, 1978, rendered its order and decision affirming the original Commission determination regarding the employee status of the contracting physicians.

▮ The evidence is clear and unequivocal that on May 12, 1978, the secretary whose clerical duty it was to do so mailed a copy of the order and decision of the Commission to the attorney of record for plaintiffs. Plaintiffs do not deny that copies of the orders of May 12, 1978, were mailed to him or that he received the same in due course of mail. In fact, on cross-examination said attorney elicited the following testimony from the secretarial clerk:

"Q. O.K. You indicated that some things were mailed to me on the 12th of May, and indeed some things were mailed to me on the 12th of May. Was anything else in that envelope?

"A. Just the two decisions of the Board.

"Q. Any letters from anyone?

"A. No.

"Q. Just copies of the orders?

"A. Right.

"Q. O.K. Did you mail it to anybody else besides me?

"A. Just you.

"Q. O.K. Who instructed you to do it?

"A. Christine Taylor.

"Q. Who is she?

"A. She was one of our attorneys, and she was on the Board."

No notice of intention to appeal was filed or mailed for filing with the Commission by plaintiffs until June 6, 1978, twenty-five days after the May 12, 1978, mailing of the Assessment Board order. Plaintiffs filed their petitions with the Clerk of the District Court where the appeals were attempted to be lodged on June 16, 1978, thirty-five days after said mailing.

The Commission contends that under § 224(g), notice of intention to appeal must be filed by the person aggrieved by the order with the Commission within ten days from the date of the mailing to the "employer" of such order and the petition for appeal must be filed within thirty days of such mailing, that each statutory requirement is jurisdictional, and that plaintiffs' failure to timely comply divested the District Court of jurisdiction to judicially review the orders of the Assessment Board of the Commission. With these contentions, we must agree.

Section 224(g) insofar as it is pertinent to the issues presented on appeal is as follows:

"An employer aggrieved by any order, ruling or finding of the Commission, or its duly authorized representative, directly affecting such employer, may appeal therefrom to the District Court of the county of residence, or principal place of business, of such employer; .... An employer so desiring to appeal, shall within ten (10) days from the date of mailing to the employer of any such order, ruling, or finding, file with the Commission a written notice of his intention to appeal.....

---

1. 40 O.S.1971, § 211 et seq.

"Within thirty (30) days after the date of mailing to the employer of the order, ruling, or finding complained of, the employer desiring to appeal shall file in the office of the Clerk of the District Court of such county that has the proper jurisdiction, a petition specifying the grounds upon which such appeal is based....."

The Court of Appeals of the State of Oklahoma handed down a decision in a case closely analogous to the consolidated cases now before us. In *Citizens' Action for Safe Energy, Inc. v. Oklahoma Water Resources Board*, Okl.App., 598 P.2d 271 (1979), the Court of Appeals had before it a case wherein a Petition for Review had been filed in the District Court of Rogers County to review an order of the Oklahoma Water Resources Board granting Public Service Company a permit to use 50,000 acre-feet of water per year from the Verdigris River. It was therein determined that 82 O.S.Supp. 1972, § 1085.10 requires the Oklahoma Water Resources Board to comply with the procedures provided in the Administrative Procedures Act with reference to appeals. The Administrative Procedures Act, 75 O.S. 1971, § 301 et seq., in § 318, as amended in 1977, provides that proceedings for review shall be instituted by filing a petition in the District Court within thirty (30) days after appellant is notified of the order. After determining the appellant therein had failed to file his petition for review in the District Court within said thirty day period, the Court said, p. 273:

"In *Edmondson v. Siegfried Ins. Agency, Inc.*, Okl., 577 P.2d 72, the court held that judicial review of an order of an administrative board is a special proceeding; that the procedural requirements are mandatory; and that the terms of the statute must be complied with before a District Court can acquire jurisdiction for review.

"We have held in Case No. 52,772 that the District Court of Oklahoma County did not acquire jurisdiction for the purpose of review. Therefore that court could not confer jurisdiction on the District Court of Rogers County.

"In 73 C.J.S. Public Administrative Bodies and Procedure pp. 540–541, relevant aspects of the law applying to administrative boards is stated as follows:

A person seeking judicial review of a decision of an administrative body must act seasonably and promptly in carrying out the provisions governing such proceedings. The proceedings must be instituted within the period of time prescribed by statute, since such a statutory provision is ordinarily mandatory.... Where a statute requires that a proceeding to review an administrative body's decision shall be commenced within a specified period, filing suit in a court which lacks jurisdiction of the cause of action is not 'commencement and prosecution of a suit' so as to interrupt the running of the period of limitation. (Citing, *Price v. Continental Cas. Co.*, Tex.Civ.App., 229 S.W.2d 887 (1950)).

Here, the period of limitation for filing a Petition for Review in the District Court of the statutorily prescribed county was thirty (30) days after the appellant was notified of the Board's Order. Timely filing is jurisdictional. Since appellant's Petition for Review was not timely filed in Rogers County, the District Court of that County lacked jurisdiction for judicial review. *Kohler v. Clark*, Okl.Ct. App., 525 P.2d 1401; and *Burk v. Burk*, Okl., 516 P.2d 268. Therefore the Order sustaining the jurisdictional demurrers is affirmed."

■ What the Court said in *Citizens* is equally applicable here. What we have before us is a petition for judicial review of an order of an administrative board. The procedural requirements for appeal are mandatory and must be complied with before a District Court can acquire jurisdiction for review. Where as here the statute requires that a proceeding to review an administrative body's decision shall be commenced within a specified period, timely filing is jurisdictional. Since the plaintiffs did not file a timely notice with the Commission of their intention to appeal to the District Court from the order which is adverse to

them, and since the plaintiffs did not file a timely petition in the office of the Clerk of the District Court as is required by § 224(g) of 40 O.S.1971, the District Court of Comanche County, Oklahoma, had no jurisdiction over the attempted suit for judicial review, and it was error for the court below not to have dismissed plaintiffs' suits for that reason.

We are mindful that one LaMar C. Snyder, Chief of Contributions of the Oklahoma Employment Commission, wrote a letter on May 19, 1978, to Southwest Oklahoma Emergency Physicians, Inc. (one of the appellees) enclosing a copy of the order of the Assessment Board, referring the addressee to 40 O.S.1971, § 224(g) and stating: "As shown by this statute, an employer desiring to appeal, *shall within ten days* of the date of mailing of the Order to the employer, file with this Commission a written notice of intention to appeal." While this letter might well have been confusing to the addressee in that it might assume that the letter was the "mailing of the order to the employer" referred to in the statute, the letter of May 19 was subsequent to the mailing on May 12, 1978, which mailing complied with the requirements of notice set forth in 40 O.S.1971, § 224(g). Since appellees were given statutory notice on May 12, 1978, of the ruling of the Assessment Board, under the statute they had ten days thereafter in which to give notice of appeal, and the subsequent mailing did not enlarge the time in which notice of appeal must be filed.

Having determined that the District Court was without jurisdiction to entertain the appeals, we do not address the other points raised by appellants in their briefs.

The judgments of the District Court are reversed and both cases are hereby dismissed.

REVERSED.

IRWIN, C. J., BARNES, V. C. J., and WILLIAMS, HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.