Karl H. PRIBRAM, Appellant,

v.

Roger FOUTS and State of Oklahoma ex rel. the University of Oklahoma, Appellees. (Two Cases)

Nos. 62705, 63289.

Supreme Court of Oklahoma.

April 21, 1987.

As Corrected April 28, 1987.

Rehearing Denied May 19, 1987.

Larry D. Muse, and Ben T. Lampkin, Oklahoma City, for appellant.

Robert D. Looney, Sr., Oklahoma City, and Kurt F. Ockershauser, Office of Legal Counsel, University of Oklahoma, Norman, for appellee Roger Fouts.

Stanley M. Ward, Kurt F. Ockershauser, and Susan Gail Seamans, University of Oklahoma, Norman, for appellee University of Oklahoma.

HODGES, Justice.

At issue in this transitory tort action for damages is the failure of the trial court, upon plaintiff's motion, to transfer the action instituted in an improper venue to a county where venue is proper.

The facts are that on April 24, 1980, Karl H. Pribram, M.D. (plaintiff/appellant) was invited to visit the Institute for Primate Studies at the University of Oklahoma to observe a chimpanzee which was kept at the Institute. At that time appellant was a visiting professor at the University of Oklahoma and on the faculty of Stanford University. During his visit to the Institute he was injured while feeding the chimpanzee.

On February 12, 1982, appellant filed suit (Case 1) in the District Court of Cleveland County against the State of Oklahoma, the Board of Regents of the University of Oklahoma and Roger Fouts, the chimpanzee's keeper, alleging defendants were negligent in failing to warn of the animal's vicious propensities and tendancy to attack persons, as well as negligent in the construction and alteration of the chimpanzee's cage. On October 18, 1982, the trial court dismissed appellant's petition without prejudice upon appellant's request. Appellant's prior counsel then withdrew from the case.

Thereafter, on October 17, 1983, appellant refiled his action (Case 2) in the District Court of Oklahoma County against Roger Fouts and State of Oklahoma ex rel. The University of Oklahoma (defendants/appellees). At the time the action arose Fouts was an employee of the University residing in Cleveland County, and at the time this action was filed he resided in the State of Washington.

Summons was served on the State of Oklahoma ex rel. The University of Oklahoma by serving the Secretary of the Board of Regents in Norman, Oklahoma, located in Cleveland County. Summons was served on Fouts in the State of Washington.

The Board of Regents of the University and Fouts filed a special appearance, motion to quash summons and to dismiss action for improper venue. Appellees correctly contended below and on appeal Cleveland County is the only county wherein venue lies against appellees. The official residence of the University is Cleveland County and 12 O.S.1981 § 133(2) provides that an action against a state agency or public officer acting in his official capacity must be brought in the county where the cause, or some part thereof arose. *Lowrance v. Patton,* 710 P.2d 108, 113 (Okla. 1985). On December 9, 1983, the motion came on for hearing. Appellant, by oral motion, requested the case be transferred to Cleveland County instead of dismissed. On June 28, 1984, the trial court by order denied his motion to transfer and granted appellees' motion to quash summons and to dismiss action for improper venue. Appellant appealed the trial court's judgment in that action.

After the dismissal of the second action, appellant refiled a third action (Case 3) in the District Court of Cleveland County. The trial court sustained appellees' demurrer on the grounds that the case had been twice dismissed and that the claim was thus barred by 12 O.S.1981 § 100. The Court of Appeals, Division No. 1, upheld the ruling of the trial court in the third action in an unpublished opinion.

We granted certiorari to review the decision of the appellate court concerning Case 2. Thereafter, appellant filed a petition for certiorari in Case 3. The two cases have been consolidated for review by this Court.

We first address the unpublished opinion of the Court of Appeals, Division No. 3, which affirms the trial court finding it correctly dismissed the case because it was improperly brought in Oklahoma County. The appellate court noted in its opinion the doctrine of forum non conveniens is inapplicable in the present case because Oklahoma County is an improper forum and transfer on such basis presupposes that venue in either forum would be appropriate.

On certiorari appellant contends the appellate court failed to address the proper issue whether or not a trial court is possessed of the fundamental power to transfer a case where venue is improper in that forum, rather than dismiss the case. Appellant urges the trial court has the discretionary power to transfer the present case from Oklahoma County to Cleveland County even if venue is improper in Oklahoma County. He notes it is not his contention the case should have been transferred on the basis of the doctrine of forum non conveniens. Instead, he asserts it is his position the broad equity powers of the trial court which give rise to its authority to resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute, similarly embrace the discretionary power to transfer a case in other circumstances where the trial court finds such transfer to be appropriate on other grounds.

The precise question on certiorari is one of first impression with this Court. We must determine where a plaintiff institutes an action in a county where venue does not lie and the defendant timely objects to such venue, whether a trial court should upon motion of the plaintiff, transfer the action to a forum where venue is properly laid.

■ The federal statutes contain a provision of this nature providing for transfer in the interest of justice to a forum in which the case could have been brought. 28 U.S.C. § 1406(a). However, Oklahoma statutes contain no counterpart provision. Both the common law doctrine of intrastate forum non conveniens which permits an action to be transferred, and Oklahoma statutory authority, 12 O.S.1981 § 140, which provides for a change of venue when it appears that a fair and impartial trial is impossible in the forum originally selected, presuppose that venue is proper in the original forum. It is not disputed on certiorari the second action was brought in the wrong county. Therefore, this authority is inapplicable here.

The Oklahoma Legislature in enacting the Code of Civil Procedure expressly provided that the common law as modified by constitutional and statutory law, judicial decisions and the conditions and wants of the people, shall remain in force in aid of the general statutes of Oklahoma. 12 O.S. 1981 § 2. In adopting the rule of forum non conveniens in intrastate transitory tort cases, this Court recognized such doctrine as a matter of the common law of Oklahoma. *Gulf Oil Company v. Woodson*, 505 P.2d 484, 488 (Okla.1972). We must also look to our common law to resolve the issue presented here as to whether or not a trial court has the power to transfer an action.

■ Our review of the Oklahoma Constitution and statutes reveals nothing which deprives district courts of their common law power to transfer a case from one county where venue is improper to another county having proper venue in the interest of efficient administration of justice. Consequently, we find a district court's discretionary power to transfer a case brought in the wrong county to a proper forum is part of the common law of Oklahoma.

■ Under the circumstances of this case the trial court refused to exercise its discretionary power to transfer the case to Cleveland County because it was under the mistaken impression it had no such authority. As we have previously concluded district courts have the common law power to transfer a case of improper venue and should exercise such discretion unless it is not in the interest of justice. In our view, in situations as here where the statute of limitations has run and dismissal would purportedly prevent a new suit to be filed by a plaintiff, transfer of the case is desirable as promotive of justice. *See* Wright,

Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3827 (1976).

We, therefore, find the District Court of Oklahoma County abused its discretion in refusing to transfer the action, which was not rightly brought in that county, to Cleveland County, where venue is properly laid. The District Court is directed to set aside its order overruling appellant's motion to transfer, quashing summons and dismissing the case. Further, the trial court is directed to transfer the records and pleadings and to order change of venue in said cause to the District Court of Cleveland County.

It thus becomes unnecessary to address the issues arising out of the third action filed in Cleveland County concerning whether that action was untimely under 12 O.S.1981 § 100. This review has been clearly rendered moot by virtue of our determination with regard to the viability of the second action. *Lawrence v. Cleveland County Home Loan Auth.*, 626 P.2d 314, 315 (Okla.1981), *Wolfe v. Hart's Bakeries, Inc.*, 460 P.2d 950, 952 (Okla.1969), *Muse v. Long*, 167 Okl. 159, 29 P.2d 51 (1934).

Furthermore, the third action filed in Cleveland County was dismissed for the reason the suit was untimely under 12 O.S. 1981 § 100. Because the dismissal in the third action is based on the statute of limitations it operates against appellant's district court remedy only and not upon his substantial rights. *Munsingwear, Inc. v. Tullis*, 557 P.2d 899, 901 (Okla.1976). Thus, there has been no adjudication on the merits of his negligent action by any district court. Consequently, the dismissal in the third action does not affect the viability of the merits of the second action. Inasmuch as appellant's second action timely filed in the wrong forum shall be transferred to the proper forum in Cleveland County in accordance with this opinion, appellant's right to a claim is now reunited with a district court remedy. *Pryse Monument Co. v. District Court, Etc.*, 595 P.2d 435, 438 (Okla.1979).

The opinion of the Court of Appeals, Division No. 3, is VACATED. The judgment of the District Court of Oklahoma County is REVERSED and the trial court is directed to enter an appropriate order of transfer not inconsistent with this opinion.

DOOLIN, C.J., and LAVENDER, OPALA, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and SIMMS, J., dissent.