STATE of Oklahoma ex rel. OKLAHOMA
EMPLOYMENT SECURITY
COMMISSION, Appellant,

v.

Dick MORROW and DM Mechanical
Company, Inc., Appellees,

and

James L. Morrow and Mechanical
& Plumbing Contractors, Inc.,
Defendants.

No. 81043.

Court of Appeals of Oklahoma,
Division No. 4.

June 7, 1994.

John E. Miley, Oklahoma City, for appellant.

M. Shawn Lawhorn, Jarboe and Stoermer, P.C., Tulsa, for appellees.

## MEMORANDUM OPINION

STUBBLEFIELD, Judge.

On January 9, 1992, Plaintiff State of Oklahoma ex rel. Oklahoma Employment Security Commission (Commission) filed this action seeking varied relief but primarily seeking to permanently enjoin Defendants Dick Morrow and DM Mechanical Company, Inc., from "doing further business in Oklahoma until all delinquent unemployment tax contributions have been fully paid and all required reports filed pursuant to 40 O.S.[1991] § 3–507." The Commission, alleging a willful failure to timely file tax returns and pay unemployment insurance contributions, attached to its petition copies of several tax warrants against D.M. Plumbing Company and DM Mechanical, Inc., which Commission alleged were businesses operated by Dick Morrow.

Defendant Dick Morrow filed a motion to dismiss the action against him personally, asserting that he was the president of the corporate defendant and as such was not "jointly and severally liable" for any "alleged indebtedness of DM in the form of unemployment taxes, and for failure to timely file quarterly payroll tax reports."

The Commission filed a brief in opposition to dismissal of Defendant Morrow based upon its assertions that (1) "DM Mechanical and its [predecessor] corporation, D.M. Plumbing Company, ... are delinquent in paying unemployment taxes that have accrued from January 1, 1986, until the present," (2) pursuant to 40 O.S.1991 § 3–111, DM Mechanical, as successor employer to D.M. Plumbing, became liable for all accrued indebtedness of both entities, and, (3) Defendant Morrow was the president of both entities and was ultimately responsible for assuring that the taxes were paid. The trial court overruled Morrow's motion to dismiss.

The Commission filed an amended petition adding James L. Morrow, the brother of Dick Morrow, and Mechanical & Plumbing Contractors, Inc., apparently the latest incarnation of Dick Morrow's business, as defendants. However, because of bankruptcy proceedings, the matter proceeded only against Dick Morrow and the earlier named business entities.

At trial, the Commission had called its first witness and the witness was sworn. However, before testimony, Defendants' counsel stipulated that injunctive relief was appropriate against DM Mechanical and Morrow as president of that corporation pursuant to 40 O.S.1991 § 3–507. The attorney argued against application of the statute to warrant an injunction against Morrow, as an individual. After further discussion, the trial court directed the matter submitted upon briefs and appended evidentiary materials.

The trial court subsequently entered judgment granting the permanent injunction against DM Mechanical and Dick Morrow, as president of that corporation, but denying "an injunction against Dick Morrow individually." The Commission appeals.

The Commission frames the issue on appeal as follows:

Whether ... the Trial Court erred when it refused to enjoin Dick Morrow individually to prohibit him from chartering any further corporations under which to operate his business and to enjoin him from operating his business under any other form of business organization or other type of arrangement, so as to prevent further unemployment taxes from accruing.

We hold that it did.

Morrow, at trial and on appeal, simply takes the position that as an individual he was not liable for the actions of the corporation and an injunction against him as an individual was not contemplated by the statute. He further asserts that the Commission had failed to "plead and show any evidence to support their [*sic* ] suspicious averments." Indeed, the manner in which this matter was presented at trial insured that very little evidence of any nature was shown to the lower court. However, the Commission did file with its brief the affidavit of its "Chief of Contributions"—and supporting documentation—outlining a pattern of tax avoidance by Morrow by forming corporations to continue doing business while failing to pay unemployment taxes as required by law.

Title 40 O.S.1991 § 3–507 (emphasis added), provides:

When any reports required under this act have not been filed ... or when the contributions imposed by this act have not been paid, the Commission may institute ... any necessary action or proceeding to enjoin such *persons,* firm, association or corporation from continuing operations until such reports have been filed or contributions paid as required....

■ Certainly, an individual and a corporation are two distinct legal entities, and that distinction should not be ignored. *Hulme v. Springfield Life Ins. Co.,* 565 P.2d 666 (Okla. 1977). However, in an equitable proceeding, the fiction of separateness may be disregarded when it is necessary to prevent fraud, injustice or wrong. *Selected Inv. Corp. v. Duncan,* 260 F.2d 918 (10th Cir.1958), *cert. denied* 359 U.S. 914, 79 S.Ct. 584, 3 L.Ed.2d 576 (1959). The court in *Luckett v. Bethlehem Steel Corp.,* 618 F.2d 1373 (10th Cir. 1980), stated that an Oklahoma court will disregard the corporate entity where fraud, illegal or inequitable conduct is the result of the use of separate corporate structures. *See also Edgar v. Fred Jones Lincoln–Mercury of Oklahoma City, Inc.,* 524 F.2d 162 (10th Cir.1975).

■ While DM Mechanical as a corporation was required to file the required forms and pay the unemployment taxes, the Commission argued, at the hearing and in its trial brief, that Morrow was using shell corporations to evade taxes in violation of 40 O.S. 1991 § 3–102. The Commission asserted that the "corporate facade" reduced Morrow's overhead by relieving him of the obligation to pay taxes with the result that the unemployment compensation fund must absorb a $234,000 loss from Morrow's companies and successor corporations. Citing *Semke v. State,* 465 P.2d 441, 445 (Okla.1970), the Commission asserted that such a violation of a state statute is an injury to the state and its citizens and that a continuing violation is an irreparable injury for which injunctive relief is available.

After a review of the trial briefs and the evidentiary materials provided by the Commission, we conclude that the Commission did present totally unrebutted persuasive evidence that it was not the corporations' failure to comply with the provisions of the Employment Security Act of 1980, but *the failure of Morrow,* hiding behind various business entities. Under these circumstances, clearly section 3–507 would permit an injunction to be issued against "such persons," who had failed to comply with the provisions of the Act. Thus, an injunction was authorized to prohibit Morrow from continuing to form corporations and successor corporations as a means of evading his liability, as an employer, under the Act.

■ Morrow asserts that he is protected by the Fourteenth Amendment of the United States Constitution and Okla. Const. art. 2, § 7, to pursue a livelihood, and, indeed, the relief sought by the Commission enjoining Morrow is not such relief as to be lightly granted. However, for several reasons, we do not find Morrow's argument persuasive. First, the injunction sought is to prohibit

Morrow from acting in the capacity of an *employer* or a person responsible for filing the required reports and paying unemployment taxes. The Commission did not seek to prevent him from pursuing a livelihood by practicing his profession or trade as an *employee.*

■ Secondly, the Commission correctly points out that the state is prohibited from depriving Morrow of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1; Okla. Const. art. 2, § 7 (emphasis added). And, "due process" is accomplished by "an orderly proceeding adapted to the nature of the case, before a tribunal having jurisdiction, which proceeds upon notice, with an opportunity to be heard, with full power to grant relief." *Kingwood Oil Co. v. Corporation Commission,* 396 P.2d 1008 (Okla.1964) (syllabus 2).

■ Here, Morrow had such an orderly proceeding, with notice and ample opportunity to be heard. Although the parties agreed to an expedited method of presentation to the trial court, at the aborted trial the Commission had witnesses available, who could have been cross-examined, to put on evidence in support of the action for an injunction against Morrow individually. Defendants made certain factual stipulations, and then the parties agreed to submit the matter by briefs and appended evidentiary materials. Indeed, Morrow acknowledges that *all* the evidence was before the trial court for determination of the ultimate issue—whether he was using the "corporate facade" to shield himself from the obligation to file reports and pay unemployment taxes.

The court in *Hardware Dealers Mutual Fire Insurance Co. v. Glidden Co.,* 284 U.S. 151, 157–58, 52 S.Ct. 69, 70–71, 76 L.Ed. 214 (1931) (citations omitted), stated: "Liberty implies only freedom from arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community. Hence legislation otherwise within the scope of acknowledged state power, not unreasonably or arbitrarily exercised, cannot be condemned because it curtails the power of the individual to contract."

Because of the injurious consequences of the failure of employers to pay unemployment taxes, the legislature of this state has enacted a statutory scheme to prevent avoidance of those taxes and avoidance of the other reasonable requirements of the Act. Injunctive relief is a vital part of that scheme. Further, state unemployment benefit and taxation laws and corresponding federal statutes creating federal oversight have been held constitutional and not violative of the Fourteenth Amendment. *Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245 (1937); *Charles C. Steward Machine Co. v. Davis,* 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937).

We find that the trial court correctly granted an injunction against DM Mechanical and Dick Morrow as president, and that portion of the lower court's order is affirmed. However, we find that the trial court did err in denying the Commission an injunction against Morrow individually.

■ An action to obtain an injunction against the operation of a business is one of equitable cognizance. *Harrison v. Perry,* 456 P.2d 512 (Okla.1969). Where the trial court has failed to exercise its discretion regarding whether injunctive relief should lie, it is proper for the appellate court to decide the issue upon the facts as presented to the trial court. *Walling v. Mid–Continent Pipe Line Co.,* 143 F.2d 308 (10th Cir.1944).

The undisputed facts support the contention of the Commission that Morrow was using corporate facades to blatantly breach the Act. In that regard, an injunction against the corporate entity, or against Morrow in his capacity as president of the corporation, would be meaningless if Morrow were free to simply form another corporation or business entity that would be free from the injunctive restraints. The tax laws simply cannot be so impotent as to be incapable of prevention of such an abuse.

Therefore, we reverse the judgment of the trial court as it pertains to Dick Morrow, individually, and remand the matter to the trial court with instructions to grant the injunctive relief requested by the Commission against Dick Morrow individually.

AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRUCTIONS.

TAYLOR, P.J., and RAPP, J. (sitting by designation), concur.