**Clyde Wayne ROBINSON, Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Wal–Mart Stores, Inc., and the Board of Review for the Oklahoma Security Commission, Appellees.**

No. 86858.

Supreme Court of Oklahoma.

Jan. 28, 1997.

Rick Bisher, Boettcher & Ryan, Oklahoma City, for Appellant.

Cara S. Nicklas, Oklahoma City, for Appellee Oklahoma Employment Security Commission.

M. Bradley Little, McKinney, Stringer & Webster, Oklahoma City, for Wal–Mart Stores.

SUMMERS, Vice Chief Justice:

Clyde Robinson was fired as a greeter at Wal–Mart. He sought unemployment benefits, claiming he was discharged for eating a popsicle on duty to counter his diabetes. The store said no, he was fired for using profanity. Clyde lost in a hearing before the Board of Review of the Oklahoma Employment Security Commission, and appealed to the District Court. His problem is that he filed his appeal in the District Court of the wrong county. When that was pointed out he sought transfer to the proper county, but the court said no, your ten days to appeal have now elapsed, you are in the wrong county, and your case is dismissed.

■ Now on appeal from that dismissal we have this question: Is that part of the statute fixing the location for hearing appeals from the Board of Review a matter of venue, or is it a jurisdictional requirement? We hold that it is venue, not jurisdiction, and that the case may be transferred.

The statute fixing the location of such appeals to the District Court is 40 O.S.1991 § 2–610, and provides in pertinent part as follows:

(1) Within the ten (10) days after the day a notice of decision of the Board of Review is mailed to the parties, the Commission, or *any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court of the county in which the claimant resides,* or if the claimant is not a resident of the State of Oklahoma then in the district court of Oklahoma County, *a petition for review* of such decision, against the Board of Review. In such petition for review all other parties to the proceeding before the Board of Review and the Commission shall be made codefendants.

Although the record and briefs do not expressly state, Mr. Robinson apparently lives in Kay County. His attorney timely filed an appeal, but lodged it in Oklahoma County instead. The Commission, once the ten day window for appeal had closed, moved to dismiss for lack of jurisdiction. The Oklahoma County court declined Claimant's request to transfer the matter to Kay County, and dismissed for lack of jurisdiction. The Court of Civil Appeals affirmed. We have granted certiorari because the question is one we have not confronted.

The Commission relies on *Edmondson v. Siegfried Ins. Agency,* 577 P.2d 72 (Okla. 1978) to support its position. There a claimant also brought an action seeking judicial review of a decision by the Board of Review of the Oklahoma Employment Security Commission. The district court dismissed the action for failure to join all the proper parties within the allotted time for appeal. The claimant had failed to name the Board of Review as a party.

Reviewing the immediate predecessor to Section 2–610, we held that the appeal from an agency matter was a special proceeding and the "procedural requirements are mandatory." *Id.* at 73. "[F]ailure by a plaintiff seeking judicial review of a decision by the Board of Review to name necessary parties as defendants in a timely commenced proceeding in the district court is jurisdictional." *Id.* Several Court of Appeals' decisions have followed our language in *Edmondson. See Citizens' Action for Safe Energy v. Okla. Water Resources Bd.,* 598 P.2d 271 (Okla.Ct.

App.1979) (held that timely filing of petition for review of action taken by the Water Resources Board in the wrong county did not confer jurisdiction on the wrong county so as to permit transfer of the action); *Williams v. Oklahoma Empl. Sec. Comm'n,* 898 P.2d 1320 (Okla.Ct.App.1995); *State ex rel. Oklahoma Empl. Sec. Comm'n v. Morrow,* 877 P.2d 1182 (Okla.Ct.App.1994).

The validity of the *Edmondson* decision was recently tested and upheld in *Oklahoma Empl. Sec. Comm'n v. Carter,* 903 P.2d 868 (Okla.1995). In *Carter,* the claimant urged that *Edmondson* was no longer valid in light of recent amendments to Section 2–610. We disagreed, stating that there was virtually no change to the language of Section 2–610. We held that the new Section 2–610 did not change the jurisdictional requirements for including necessary parties. The claimant also urged that she should be permitted to amend her petition to include the necessary parties because the Commission would suffer no prejudice. We held that the ten-day period could not be extended. If the necessary parties had not been named by the expiration of the time permitted to appeal, the district court was without jurisdiction. *Id.* at 870.

We addressed a similar question in *State ex rel. Oklahoma Empl. Sec. Comm'n v. Emergency Physicians Inc.,* 631 P.2d 743 (Okla.1981). There, the claimants failed to file a timely notice with the Commission of their intent to appeal to the District Court, nor was their petition in court timely. We held that the terms of the statute "must be complied with before a District Court can acquire jurisdiction for review." Because the claimants did not timely file their petition, we ordered it dismissed.

 Today's issue has not yet been addressed by this Court. If § 2–610's venue requirements are jurisdictional, the Court of Appeals decision in *Citizens' Action for Safe Energy* is correct, and the Oklahoma County District Court would have no jurisdiction to order a transfer to the proper county. All of the cases of this Court cited above deal specifically with the naming of necessary parties or the filing of the petition for review within the allotted time. None of them address whether venue in the claimant's county

is a jurisdictional requirement under Section 2–610. Although there is dictum in several of them that could suggest the venue requirement is jurisdictional, we have generally adhered to the rule that venue is not a jurisdictional requirement, but is merely one of procedure. *Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court of Creek County,* 368 P.2d 475 (Okla.1962) (jurisdiction is the power of a court to decide an issue on its merits, while venue refers to the location where a case should be tried); *Knox v. McMillan,* 272 P.2d 1040, 1043 (Okla.1954).

> The distinction between "jurisdiction" and "venue" is plainly established. "Jurisdiction" is a term of comprehensive import. It concerns and defines the power of judicatories and courts. It embraces every kind of judicial action touching the subject of the action, suit, petition, complaint, indictment, or other proceeding. It includes power to inquire into facts, to apply the law, to make decision, and to declare judgment. "Venue" in its modern and municipal sense relates to and defines the particular county or territorial area within the state or district in which the cause or prosecution must be brought or tried. It commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all. *McGowin v. McGowin,* 165 So. 274, 275, 276, 122 Fla. 394 [ (1936) ].

*See also Kalosha v. Novick,* 84 N.M. 502, 505 P.2d 845 (1973); *Morrison v. Steiner,* 32 Ohio St.2d 86, 290 N.E.2d 841 (1972); 44 Words and Phrases, *Venue (Jurisdiction distinguished )* 194. It is also noteworthy that our own pleading statute, 12 O.S.1991 § 2012(F), provides that the defense of improper venue may be waived, an impossibility if it went to the jurisdiction of the court. *Shaffer v. Jeffery,* 915 P.2d 910, 913 (Okla. 1996).

The venue requirement in Employment Security Commission appeals was likely intended to protect claimants from the added expense of traveling far from their residence to appeal a ruling. The statute essentially places the burden of traveling on the Commission. Judicial construction of the statute to give meaning as intended by the legislature would permit the cause to be transferred or the claimant to waive venue in his/her resident county. *See Jones v. Brown,* 516 P.2d 546, 548 (Okla.1973) (venue statutes are liberally construed so as to prevent a party from being deprived of the right to have suit filed in a particular county).

This point is illustrated by the holding in *Rich v. Reynolds,* 277 P.2d 985 (Okla.1954). There venue statutes required an action to be filed against a public officer in the county where the actions took place. An action was brought against a sheriff for assault and battery under color of office. It was brought in the county of his residence rather than in the county where the actions took place. This Court held that the sheriff could waive venue requirements, as they were for his benefit, and that going to trial without objection constituted such a waiver. *Id.* at 987.

Application of this reasoning to the present case permits the claimant to waive venue requirements. If the defendant does not agree to the improper venue, the district court is permitted to transfer the case to the proper county. *See Franklin v. Margay Oil Corp.,* 153 P.2d 486 (Okla.1944), which held:

> If venue is laid in the wrong county, the court having general power to take cognizance of the subject matter is not deprived of jurisdiction and may render judgment binding on the parties provided defendant does not object or make application in apt time to change the venue to the proper county.

In *Pribram v. Fouts,* 736 P.2d 513 (Okla. 1987) we held that a district court abused its discretion in refusing to transfer an action brought in the wrong county to the proper venue where the statute of limitations would defeat a new action filed in the proper county. *Pribram* controls here. The venue provisions of § 2–610 are not jurisdictional. Any language to the contrary in *Citizens' Action for Safe Energy v. Okla. Water Resources Bd, supra,* is overruled.

The Court of Appeals' opinion is vacated. The judgment of the District Court is reversed and the cause remanded to that Court with instructions to transfer the case to the

District Court of the county of Appellant's residence.

HODGES, LAVENDER, OPALA and ALMA WILSON, JJ., concur.

SIMMS, HARGRAVE and WATT, JJ., dissent.

KAUGER, C.J., not participating.

OPALA, Justice, concurring.

I concur in today's holding that the provisions of 40 O.S.1991 § 2–610 regulate venue rather than jurisdiction and that the teachings of *Pribram v. Fouts*, Okl., 736 P.2d 513 (1987) are applicable to this case. I write separately to provide my own analysis for the correctness of the court's disposition.

The cited statute in controversy reveals no textually demonstrable legislative intent to make the *situs* of an appeal's filing a *sine qua non* component of the court's jurisdiction. Statutes that deal with geographical distribution of litigation within the Oklahoma district court system govern allocation of judicial business but *do not abridge* the constitutionally conferred cognizance of the district courts.[1] See Art. 7, § 7, Okl. Const.[2]

Mislaid venue—no matter how facially apparent—does not cast a cloud on the court's jurisdiction. As a matter of pure cognizance, the court's power to resolve that issue, rightly or wrongly, remains totally unimpaired and unassailable. A final decision on venue, even if patently wrong, will nonetheless stand impervious to a later jurisdictional attack.[3] Venue contests are waged *entirely and safely beneath* jurisdictional-flaw heights.

In short, when a case was *timely* commenced but its venue laid in the wrong county, there is no legal impediment to a *Pribram* transfer to the county where venue lies.

1. Venue was clearly distinguished from jurisdiction in *Atchison, Topeka & Santa Fe Railway Co. v. Superior Court*, Okl., 368 P.2d 475, 479 (1961). There the court said:
 "... [V]enue relates to geographical or territorial consideration; that is, where an action lies ... jurisdiction relates to the ... judicial power of a court to adjudicate the subject matter in a given case."

2. The pertinent provisions of Art. 7, § 7, Okl. Const., are:
 "(a) * * * The District Court shall have *unlimited original jurisdiction* of all justiciable matters, except as otherwise provided in this Article, and such powers of review of administrative action as may be provided by statute. * * *" (Emphasis added.)

3. *Toxic Waste Impact Group, Inc. v. Leavitt*, Okl., 890 P.2d 906, 915 (1995) (Opala, J., concurring); *Bill Hodges Truck Co. v. Gillum*, Okl., 774 P.2d 1063, 1067 (1989); *Ferguson v. Ferguson Motor Co.*, Okl., 766 P.2d 335, 338 (1988); *Citizens State Bank of Hugo v. Hall*, Okl., 413 P.2d 513, 516 (1966); *Woodrow v. Ewing*, Okl. 263 P.2d 167, 171 (1953).