Max Lee **RISHELL,** Curator, on behalf of the person and estate of Kathleen LA-CEY, an incapacitated person; Ralph Lacey; Jeffrey Ralph Lacey; Benjamin Jay Lacey, a minor, by Ralph Lacey as his parent and next friend; and Catherine Lynn Lacey, a minor, by Ralph Lacey, as her parent and next friend, Appellants,

v.

JANE PHILLIPS EPISCOPAL MEMORIAL MEDICAL CENTER; Jane Phillips Episcopal Hospital, Inc., formerly Jane G. Phillips Memorial Hospital, Inc., d/b/a Oklahoma Medical Collection Services; and Charles Wellshear, M.D., Appellees.

No. 86234.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 13, 1996.

Rehearing Denied Oct. 25, 1996.

Certiorari Denied Jan. 29, 1997.

---

**16.** Application for Evidentiary Hearing, filed June 27, 1996.

**17.** 22 O.S.Supp.1995, § 1089(D)(3).

Ben T. Lampkin, Jo L. Slama, Larry Taw-water, Lampkin, McCaffrey & Tawwater, Oklahoma City, and Stratton Taylor, Carle, Higgins, Mosier & Taylor, Claremore, for Appellants.

Stephen Rodolf, Leslie C. Weeks, Barkley & Rodolf, Tulsa, and Steven J. Adams, Gardere & Wynne, Tulsa, for Appellees, Jane Phillips Episcopal Memorial Medical Center.

Inona J. Harness, Haven Tobias, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, for Appellee, Charles Wellshear, M.D.

### MEMORANDUM OPINION

GARRETT, Judge:

Kathleen Lacey was admitted to Jane Phillips Episcopal Hospital (Hospital). While she was there as a patient, she attempted to hang herself. As a result, she allegedly suffered injuries which left her permanently disabled and dependent on constant medical care. Max Lee Rishell, curator of her person and estate, her husband, Ralph Lacey, and her children, Jeffrey Ralph Lacey, Benjamin Jay Lacey and, Catherine Lacey (collectively, Appellants) sued Hospital, Jane Phillips Episcopal Memorial Medical Center and Charles Wellshear, M.D. (collectively, Appellees). The action was filed in Tulsa County alleging medical negligence on Appellees' part and seeking damages. Hospital is in Washington County, Oklahoma. Dr. Wellshear resides in Washington County. He practices medicine and maintains offices in Washington County and in Rogers County, Oklahoma.

Summons was served on Hospital in Washington County where its principal office is situated. Summons was personally served on Dr. Wellshear in Rogers County. Appellees appeared specially and moved to dismiss the action based on improper venue. The District Court of Tulsa County correctly held that venue did not lie in Tulsa County but that venue would be proper in Rogers County. An order was entered transferring the case to the Rogers County District Court. Again, in Rogers County, Appellees appeared specially and moved to dismiss on the ground that venue was not proper in Rogers County or, in the alternative, the case should be transferred to Washington County because of *forum non conveniens*. The case was dismissed without prejudice on the basis of improper venue.

Appellants contend the court erred in holding venue was not proper in Rogers County and by dismissing the action. They rely on 12 O.S.1991 § 139, *Pribram v. Fouts,* 736 P.2d 513 (Okl.1987), and numerous other cases. Appellees contend the only proper venue is in Washington County, and the Tulsa County District Court lacked power to transfer the action because it was not rightly brought there in the first place. In the alternative, Appellees contend venue is improper in Rogers County and even if it was proper for the case to be transferred, one of the courts should have transferred it to Washington County. Appellees rely on 12

O.S.1991 §§ 134, 139, 154 and numerous court decisions.

12 O.S.1991 § 134 is as follows:

An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose, *or in any county where a codefendant of such corporation created by the laws of this state may properly be sued.* (Emphasis supplied.)

In contending this statute provides that the action against Hospital may only be brought in Washington County where its principal office or place of business is located, Appellees fail to consider the emphasized portion of the above quoted § 134 and the facts of this case. This contention is rejected.

Both parties rely on 12 O.S.1991 § 139. It provides:

Every other action must be brought in the county in which the defendant or some one of the defendants resides or resided at the time the claim arose, *or may be summoned;* except claims against makers of notes, claims, or other indebtedness which have been assigned, sold or transferred by or from the original payee or obligee, which claims against such original maker of such notes, claims or indebtedness can only be brought in the county in which the said make of such note, claim or indebtedness or some one of the original makers of such note, claim or indebtedness resides. Provided, however, this section shall not in any way change or limit Section 4671 of the Revised Laws of Oklahoma, 1910. (Emphasis supplied.)

Appellants contend that Dr. Wellshear maintains offices, practices medicine, and was personally served in Rogers County, therefore venue is proper there under § 139. They rely on *Bingham v. Williams,* 264 P.2d 751 (Okl.1953):

It is well settled law that a suit against two or more joint tortfeasors may be prosecut-ed in any county in which service may be had on any one of them and that the others may be joined;

In contrast, Appellees contend § 139 controls, but is modified by 12 O.S.1991 § 154 which provides:

Where the action is rightly brought in any county, a summons shall be issued to any other county against one or more of the defendants, at the plaintiff's request.

This is a transitory action. The applicable statutes simply do not require it to be brought where the event occurred. We agree with Appellants that the action could be brought in any county where Dr. Wellshear "may be summoned". Since he was personally served with summons in Rogers County, venue lies there, as far as he is concerned. Since Hospital [an Oklahoma corporation] has a codefendant [Dr. Wellshear] who could be properly sued in Rogers County, then § 134 specifically authorizes it to be sued in that county.

■ The remaining issue relates to the power, or lack thereof, of the District Court of Tulsa County to transfer the case to Rogers County. This query has been answered by the Supreme Court. See *Pribram v. Fouts,* 736 P.2d 513 (Okl.1987), supra. The *Pribram* Court, in a case very similar to the one being considered, held that the power existed. In consideration of that decision, we hold the order of the District Court of Tulsa County transferring this case to Rogers County was a valid order.

We decline to express any opinion as to whether the case should be transferred to Washington County pursuant to the doctrine of forum non conveniens. That issue was not the basis of the order appealed and this Opinion does not decide it.

The order of dismissal is vacated. This case is reversed and remanded for such proceedings as are proper. REVERSED AND REMANDED.

CARL B. JONES, P.J., and ADAMS, V.C.J., concur.